David Ward
**KLUGER HEALEY, LLC**
788 Shrewsbury Ave., Suite 2182
Tinton Falls, New Jersey 07724
973-307-0800
Attorneys for Defendants
Bill Dunn, James Griffin, Frank Anello,
Eddie Maldonado, Brenda Johnson, and Gloria Ran

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RAMON MODESTO,<br><br>Plaintiff,<br><br>vs.<br><br>HECTOR FIGUERORA, et al.,<br><br>Defendants. | CIV. NO. 15-495 (RA)<br><br>**REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO FILE RESPONSE TO COMPLAINT AND MOTION TO DISMISS** |

**Reply Statement of Facts and Procedural History**

Defendants Bill Dunn, James Griffin, Frank Anello, Eddie Maldonado, Brenda Johnson, and Gloria Ran have moved pursuant to Fed. R. Civ. P. 12(b)(6) for a judgement dismissing: all claims pursuant to Title VII of the Civil Right Act of 1964 42 U.S.C. §§2000e, et seq., ("Title VII"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634 ("the ADEA") brought against them in their individual capacities; and 2) all claims brought against them pursuant to the New York City Human Rights Law, N.Y. City Admin. Code§§ 8-101 ("NYCHRL").

Defendants also sought an Order permitting them to file their motion to dismiss out of time. As set forth in the Declaration of David Ward filed on June 26, 2015 (Docket Entry No. 50), Plaintiff filed this pro se action against Defendants Bill Dunn, James Griffin, Frank Anello, Eddie Maldonado, Brenda Johnson, and Gloria Ran, on January 21, 2015, alleging violation of Title VII of the Civil Right Act of 1964, 42 U.S.C. §§2000e, et seq., ("Title VII"); the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634 ("the ADEA"); and claims pursuant to the New York City Human Rights Law, N.Y. City Admin. Code§§ 8-101 ("NYCHRL"). (Ward Dec., ¶ 2).

Defendants Bill Dunn, James Griffin, Frank Anello, Eddie Maldonado, Brenda Johnson, and Gloria Ran were all sued individually in their capacities as employees of non-party Securitas Security Services, USA, Inc. ("Securitas"). (Ward Dec., ¶ 3). On February 4, 2015, Plaintiff, via counsel, filed a Complaint against Securitas in an action captioned *Modesto v. Securitas* (USDC SDNY 15cv829)(RJS), alleging substantially similar facts and claims as those alleged against the individual Securitas defendants here. (See Docket Entry No. 1 and 13 in 15cv829). (Ward Dec., ¶ 4).

On February 3, 2015, Plaintiff filed a pro se action under *Modesto v. Securitas et al.,* (USDC SDNY 15cv895)(LAP), naming as defendants Securitas and the Individual Securitas Defendants named in the present action, again alleging substantially similar facts and claims as those alleged against the individual Securitas defendants here. (See Docket Entry No. 2 and 3 in 15cv895). (Ward Dec., ¶ 5). On February 17, 2015, this Court dismissed the matter *Modesto v. Securitas et al.,* (USDC SDNY 15cv895)(LAP), as an improper duplicative action. (See Docket Entry No. 3 in 15cv895).

On April 23, 2015, counsel for the Securitas employee defendants wrote to counsel for Mr. Modesto in the 15cv829 action, demanding that he dismiss and/or move to consolidate the two pending duplicative actions (the present action and *Modesto v. Securitas* (USDC SDNY 15cv829)(RJS). (Ward Dec., ¶ 6). Mr. Modesto's counsel responded stating that his client intended to proceed with both actions, but he would discuss the matter with his client and with Judge Sullivan at an initial status conference scheduled for June 5, 2015. (Ward Dec., ¶ 7).

On May 7, 2015, counsel wrote to Mr. Modesto in his pro se capacity in this case and also demanded that Mr. Modesto dismiss and/or move to consolidate the two pending duplicative actions. (A copy of that letter is annexed as Exhibit A to the Ward Dec). Counsel also asked Mr. Modesto to consent to an extension of time to respond in the present action until such time as Mr. Modesto had resolved which action he intended to pursue and in which court. (Ward Dec., ¶ 9). Mr. Modesto failed to return the stipulation or otherwise respond to the May 7, 2015 correspondence, except by August 14, 2015 letter to the Court to voice his objection to the request for an extension of time and his request that default be entered (See Docket Entry 64 in this action).

During a June 5, 2015 initial conference before Judge Sullivan, Mr. Modesto participated and requested additional time to determine whether and how he would proceed with the duplicative actions. (Ward Dec., ¶ 12). On June 12, 2015, Modesto wrote to the Court in the 15cv829 action, informing the Court that he is proceeding pro se in *Modesto v. Figueroa*, No. 15-cv-495 (RA), and requesting that the Court consolidate this action with the *Figueroa* action. (Doc. No. 11 in 15cv829.)

On June 19, 2015, I wrote to the Court in 15cv829, requesting that the Court dismiss that action as impermissibly duplicative of the *Figueroa* action or consolidate. (Doc. No. 12 in 15cv829. (Ward Dec., ¶ 14). On June 22, 2015, the Court in 15cv829 dismissed that action as duplicative of this pending action. (Ward Dec., ¶ 15). Four days later, counsel for the Individual Securitas Defendants filed the instant motion to dismiss and for an extension of time, as it was evident that this action is the one to proceed and the undue motion practice we had been seeking to avoid was now inevitable and a motion to dismiss was required as against Individual Securitas Defendants as there was no pending claim against Securitas. (Ward Dec., ¶ 16). A mediation is scheduled in this matter for September 25, 2015. (Docket Entry July 27, 2015).

## ARGUMENT

### I

**THERE IS NO BASIS FOR PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR AN EXTENSION OF TIME TO MOVE OR RESPOND TO THE COMPLAINT AND THE COMPLAINT SHOULD BE DISMISSED**

According to the return of service in this matter, service was effected on the Individual Securitas Defendants on April 28, 2015 by serving the Securitas Human Resources manager, and their answer was due May 19, 2015. (Ward Dec., ¶ 17). It respectfully submit that circumstances warrant an extension of time to Answer or otherwise move in response to the Complaint as it remained uncertain until as of June 22, 2015 whether Mr. Modesto was going to proceed with or dismiss this action, as reflected at the June 5, 2015 conference before Judge Sullivan. (Ward Dec., ¶ 17).

Now that Mr. Modesto has stated his intention to proceed with this action, the Individual Securitas Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). (Ward Dec., ¶ 18). Defendants have properly moved for the extension of time to file their motion to dismiss, and Modesto sought an Order on July 17, 2015 for additional time to respond to the motion for an extension of time and the motion to dismiss (see Docket Entry No. 57).

It is not clear whether Mr. Modesto's letter requesting entry of default is in place of the opposition to the Individual Securitas Defendants' motion, which Modesto has requested a second extension of time to respond to. In any event, the request for entry of default is improper because the Individual Securitas Defendants have moved and have requested an extension of time and there is no basis for the opposition to granting this request.

It is well established that default judgments are disfavored. A clear preference exists for cases to be adjudicated on the merits." *Pecarsky v. Galaxiworld.com Ltd*., 249 F.3d 167, 174 (2d Cir. 2001). Default judgments are thus "reserved for rare occasions" and any "doubt[s] should be resolved in favor of the defaulting party." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

The Individual Securitas Defendants have shown that their failure to timely answer the Complaint was the result of what Defendants' counsel believed was working with Plaintiff and his counsel in the duplicative action to avoid undue motion practice and have the cases streamlined. Even if Defendants were incorrect in their understanding of the above, such a misunderstanding does not equate to willfulness in ignoring a pleading so as to justify a default entry. "Willfulness in the default judgment context must be conduct that is more than merely negligent or careless. *E-Business Holdings, LLC v. Webgenius.com, Inc*., 2004 U.S. Dist. LEXIS 25045, 2004 WL

2884311, *1 (S.D.N.Y. 2004) (citing *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). Since all doubts are to be resolved in favor of the defaulting party, any doubt as to the reasonableness of Defendants' efforts to resolve the duplicative actions without motion practice should be resolved in Defendants' favor.

Plaintiff has also failed to identify any prejudice that would follow from the Court granting the extension of time. Issue has not yet been joined to all parties (see e.g. Docket Entry No. 58), the parties have engaged in mediation scheduling, including the Securitas employee defendants, and yet without any explanation, Plaintiff refused Defendants' request that Plaintiff consent to the extension to answer, while at the same time the Securitas defendant employees have not objected to Plaintiff's multiple requests for additional time in this action and in the duplicate action. In the interim Plaintiff never moved for entry of default and instead waited for Defendants to move for the extension of time before voicing any objection. Thus, any claim of prejudice is spurious at best. See *United States Fid. & Guar. Co. v. Petroleo Brasileiro S.A.*, 220 F.R.D. 404, 406-407 (S.D.N.Y. 2004), where the Court noted that a Plaintiff's failure to move promptly for default judgment weighed against any finding of prejudice as a result of delay.

Finally, Individual Securitas Defendants have indeed shown a meritorious defense. It well established in the Second Circuit that individuals cannot be held personally liable for violations of Title VII and/or the ADEA. In *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995), the court unequivocally held that "individual defendants ... may not be held personally liable under Title VII." *See also*, *Kercado-Clymerv. City of Amsterdam*, 2010 U.S. App. LEXIS 6129 (2d. Cir. 2010) "(The District Court correctly dismissed Kercado-Clymer's Title VII claims against Brownell in his individual capacity because under Title VII individual supervisors are not subject

to liability.").

The same principle has been extended to ADEA claims. See *Martin v. Chemical Bank*, 129 F.3d 114 (2d Cir. 1997); *Mcintyre v. Longwood Cent. Sch. Dist*., 380 Fed. Appx. 44 (2d 2010); *Guerra v. Jones*, 421 Fed. Appx. 15, 17 (2d. Cir. 2011) ("As the district court concluded, dismissal of the Title VII and ADEA claims against the individual Defendants was appropriate as neither statute subjects individuals, even those with supervisory liability over the plaintiff, to personal liability").

Thus, the Title VII and ADEA claims against all Individual Securitas Defendants are without merit and should be dismissed, as with the alleged violations of New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.* ("NYCHRL"). The moving brief on the Individual Securitas Defendants motion to dismiss demonstrates how the NYCHRL and all other claims should be dismissed for failure to state a claim under F.R.C.P. 12(b)(6). Thus, the Individual Securitas Defendants have clearly shown a meritorious defense.

## CONCLUSION

For the foregoing reasons, Defendants Bill Dunn, James Griffin, Frank Anello, Eddie Maldonado, Brenda Johnson, and Gloria Ran respectfully submit that the Court should grant their request for an extension of time to respond to the Complaint, and pursuant to Fed. R. Civ. P. 12(b)(6), the Court should dismiss all claims against them brought under Title VII of the Civil Right Act of 1964 42 U.S.C. §§2000e, et seq., all claims brought under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634, and all claims brought against them pursuant to the New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101. It necessarily follows that the Court should deny the request for entry of default.

Dated: Tinton Falls, New Jersey
       September 1, 2015

                                              Very truly yours,
                                              **KLUGER HEALEY, LLC**

                                              By:  */s/ David A. Ward*
                                                      David A. Ward, Esq.
                                                      Attorneys for Defendants
                                                      Bill Dunn, James Griffin, Frank
                                                      Anello, Eddie Maldonado, Brenda
                                                      Johnson, Gloria Ran