KH Kluger Healey, LLC
Attorneys at Law

DAVID A. WARD
dward@klugerhealey.com

23 Vreeland Road, Suite 220
Florham Park, New Jersey 07932

P: (973) 307-0800
F: (888) 635-1653
www.klugerhealey.com

MEMO ENDORSED

September 16, 2015

Hon. Kevin M. Fox, USMJ
United States District Court
Southern District of New York
Thurgood Marshall
United States Courthouse, Room 228
40 Foley Square
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/21/15

**Re: Modesto v. Figueroa, et al.**
**Civil Action No: 15–cv-495**

Your Honor:

We represent the individual defendants Bill Dunn, James Griffin, Frank Anello, Eddie Maldonado, Brenda Johnson, and Gloria Ran in the above matter. We make this letter application to stay the September 25, 2015 mediation scheduled in this matter or, in the alternative, to adjourn that session for the reasons set forth below.

Each individual defendant listed above is an employee of and is being sued for alleged violations of Title VII of the Civil Right Act of 1964 42 U.S.C. §§2000e, et seq., ("Title VII"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634 ("the ADEA"). Plaintiff's allegations against each of these Defendants are based upon their actions or inactions during the course of their employment with non-party, Securitas Security Services, USA, Inc. ("Securitas").

A mediation session, pursuant to the SDNY mediation program, is currently scheduled for September 25, 2015. All parties who have been served with the Summons and Complaint have filed motions to dismiss, primarily upon the same grounds – namely, well established Second Circuit case law holding that individuals cannot be held personally liable for violations of Title VII and/or the ADEA.

We have written to the mediator and to mediation counsel for Mr. Modesto and to all other counsel, advising that with the motions to dismiss pending, we do not believe a mediation session will be productive at this juncture. Mr. Modesto has sued the individual employee/co-workers at Securitas. He has previously brought suit against Securitas, but that suit has been dismissed (see 15cv829, USDC, SDNY). Moreover, on September 9, 2015, Mr. Modesto has filed another action (15cv7157, USDC, SDNY)(his fourth in this Court based upon the same factual background), alleging Title VII




and employment claims against Securitas and other individual Securitas employees. We just received a copy of that complaint yesterday, September 15, 2015.

Under these circumstances, we do not see how mediation can proceed. Securitas is not a party in the instant matter, and therefore will not be appearing at mediation. The claims against the individual employees will be dismissed based upon well-settled Second Circuit law. And Mr. Modesto has filed another action which will likely require consolidation of that action with this matter, and the joinder of Securitas and additional employee defendants in this action.

We have written to the mediator and all parties advising of our intent to ask that the mediation be stayed until the motions to dismiss have been decided. We have received no objection from the mediator and no response from the other parties. In light of the Modesto recent filing of another employment complaint against many of the same parties to this action, and/or their employers, raising the same causes of action, we reiterate our position that a mediation session would not be productive at this juncture and request that the session be stayed.

Alternatively, if the Court is not inclined to stay the mediation, we respectfully request an adjournment of the September 25, 2015 date. We have conferred with mediation counsel for Mr. Modesto, who has advised that he has a conflict on September 25th, and I as well have a conflict on that date. The mediator has no opposition to the adjournment, and no other party has voiced any opposition. Accordingly, in the event that the Court refuses to stay mediation, I request that the mediation date be rescheduled to November 20, 2015. There has been no prior request for an adjournment.

Respectfully,

/s/ David A. Ward
David A. Ward

9/18/15

Paragraph four of the procedures that govern the court's mediation program makes clear that the date, time and location of the first mediation session are to be determined by the assigned mediator, in consultation with the parties. If, after consulting with the parties, the mediator determines that the date fixed previously for the first mediation session must be adjusted, it is the responsibility of the mediator to make the adjustment, not the Court. The Court will not insert itself into the mediation process or into matters – like scheduling – that are within the province of the mediator. Therefore, the instant request, that the mediation be stayed or alternatively adjourned by the Court, is denied.

**SO ORDERED:**

Kevin Nathaniel Fox

Hon. Kevin Nathaniel Fox
United States Magistrate Judge