UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
RAMON MODESTO,

                Plaintiff,       Case No.: 15-cv-495 (RA) (KNF)

          v.

HECTOR FIGUEROA, ET AL.,

                Defendants.

------------------------------------------------------------ X

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

 

TANNENBAUM HELPERN SYRACUSE
& HIRSCHTRITT LLP
900 Third Avenue
New York, New York 10022
(212) 508-6700
Andrew W. Singer
Jason B. Klimpl

*Attorneys for Defendants Michael Rodriguez, Robert Savage, Anthony Waterman, Deetendrada Harisaran, and Mark Kelly*

Dated: September 29, 2015

## PRELIMINARY STATEMENT

Moving defendants Michael Rodriguez, Robert Savage, Anthony Waterman (s/h/a "Frank Waterman"), Deetendrada Harisaran (s/h/a "David Harisaran"), and Mark Kelly (collectively, the "Moving Defendants") respectfully submit this reply memorandum of law in further support of their motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

As set forth below, Plaintiff's opposition papers – even if construed to allege properly-pled facts – fail to remedy the defects in his Complaint. Accordingly, the Complaint should be dismissed.

## ARGUMENT

### I. PLAINTIFF'S FEDERAL CLAIMS DO NOT ALLOW FOR INDIVIDUAL LIABILITY

Plaintiff's opposition papers do not (and could not) cast any doubt upon the well-settled principal in this Circuit that individuals may not be held personally liable for alleged violations of the federal anti-discrimination laws. *See* Point II of the Moving Defendants' Memorandum of Law in Support of their Motion to Dismiss. Accordingly, the Plaintiff's federal claims against the Moving Defendants should be dismissed.

### II. PLAINTIFF'S COMPLAINT DOES NOT SET FORTH FACTS SUFFICIENT TO IMPOSE INDIVIDUAL LIABILITY UNDER THE NEW YORK CITY HUMAN RIGHTS LAW

Similarly, Plaintiff's opposition papers fail to allege that any of the Moving Defendants actually participated in any act of purported discrimination or retaliation. *See* Point III of the Moving Defendants' Memorandum of Law in Support of their Motion to Dismiss. Accordingly, the Plaintiff's New York City Human Rights Law ("NYCHRL") claims against the Moving Defendants should be dismissed.

### III. PLAINTIFF'S NEW CAUSES OF ACTION ARE MERITLESS

Plaintiff asserts various new causes of action (presumably against all of the defendants) in his opposition papers. Specifically, Plaintiff now alleges that he was also subjected to: (a) discrimination and retaliation under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 *et seq.* (Plaintiff's Opposition to Motions to Dismiss, Doc. #72, at ¶ 1); (b) defamation (*id.*); and (c) intentional infliction of emotional distress (*id.*). However, even accepting as true the allegations in Plaintiff's opposition papers, he nevertheless fails to state a claim under any of these new theories.

First, Plaintiff's NYSHRL claims fail for the same reason his NYCHRL claims fail, *i.e.*, because the Complaint and the opposition papers contain no allegations that any of the Moving Defendants actually participated in any act of discrimination or retaliation. *See, e.g., Feingold v. New York*, 366 F.3d 138, 157-58 (2d Cir. 2003).

Second, Plaintiff's defamation claim fails because the Complaint and the opposition papers contain no allegations that any of the Moving Defendants made or published any false or otherwise defamatory statements concerning him. *See Rosenberg v. Metlife, Inc.*, 453 F.3d 122, at n.1 (2d Cir. 2006) (listing the required elements of a libel cause of action).

Third and finally, Plaintiff's intentional infliction of emotional distress claim fails because the Complaint and the oppoisition papers contain no allegations that any of the Moving Defendants engaged in any "extreme or outrageous" conduct with an intent to cause emotional harm to Plaintiff. *See Howell v. New York Post Co., Inc.*, 81 N.Y.2d 115, 121 (1993) (listing the required elements of an intentional infliction of emotional distress cause of action).

\* \* \* \* \* \*

## CONCLUSION

The Moving Defendants respectfully submit that this Court should dismiss the Plaintiff's Complaint in its entirety with prejudice and should award the Moving Defendants such other and further relief as is just and proper.

Dated: New York, New York
       September 29, 2015

                                     TANNENBAUM HELPERN SYRACUSE
                                     & HIRSCHTRITT LLP

By: _____
       Andrew W. Singer
       Jason B. Klimpl

900 Third Avenue
New York, New York 10022
Telephone: (212) 508-6700
Facsimile:  (212) 371-1084
singer@thsh.com

*Attorneys for Defendants Michael Rodriguez, Robert Savage, Anthony Waterman, Deetendrada Harisaran, and Mark Kelly*

3