David Ward
**KLUGER HEALEY, LLC**
788 Shrewsbury Ave., Suite 2182
Tinton Falls, New Jersey 07724
973-307-0800
Attorneys for Defendants
Bill Dunn, James Griffin, Frank Anello,
Eddie Maldonado, Brenda Johnson, and Gloria Ran

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAMON MODESTO,<br><br>Plaintiff,<br><br>vs.<br><br>HECTOR FIGUERORA, et al.,<br><br>Defendants. | CIV. NO. 15-495 (RA)<br><br>**REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO DISMISS AND TO FILE RESPONSE TO COMPLAINT OUT OF TIME** |

**Reply Statement of Facts and Procedural History**

Defendants Bill Dunn, James Griffin, Frank Anello, Eddie Maldonado, Brenda Johnson, and Gloria Ran have moved pursuant to Fed. R. Civ. P. 12(b)(6) for a judgement dismissing: all claims pursuant to Title VII of the Civil Right Act of 1964 42 U.S.C. §§2000e, et seq., ("Title VII"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634 ("the ADEA") brought against them in their individual capacities; and 2) all claims brought against

them pursuant to the New York City Human Rights Law, N.Y. City Admin. Code§§ 8-101 ("NYCHRL"). [1]

Defendants also moved for an Order permitting them to file the motion to dismiss out of time. Defendants respectfully refer the Court to the procedural history outlined in the initial motion to dismiss, as set forth in the Declaration of David Ward filed on June 26, 2015 (Docket Entry No. 50), for a full recitation of the facts and procedural history.[2]

## ARGUMENT

### I

### THERE IS NO BASIS FOR PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR AN EXTENSION OF TIME TO MOVE OR RESPOND TO THE COMPLAINT AND THE COMPLAINT SHOULD BE DISMISSED

According to the return of service in this matter, service was effected on the Individual Securitas Defendants on April 28, 2015 by serving the Securitas Human Resources manager, and their answer was due May 19, 2015. (Ward Dec., ¶ 17). As detailed in the procedural history of the Ward Declaration, the circumstances warrant an extension of time to Answer or otherwise move in response to the Complaint as it remained uncertain until as of June 22, 2015 whether Mr. Modesto was going to proceed with or dismiss this action, as reflected at the June 5, 2015 conference before Judge Sullivan. (Ward Dec., ¶ 17).

---

[1] The Court should disregard Plaintiff's references to causes of action that have not been alleged. Opposing briefs and affidavits are not the proper way to assert causes of action, among other reasons, there is no mechanism by which Defendants can move to dismiss the unplead claims.

[2] Defendants filed a reply to Plaintiff's letter requesting the entry of default (Docket Entries 63 and 64 respectively), in the event that Plaintiff's letter requesting the entry of default was deemed an opposition to the motion to dismiss and for leave to file out of time. Now that Plaintiff has filed an opposition brief and affirmation, Defendants will address the arguments in these papers.

Now that Mr. Modesto has stated his intention to proceed with this action, the Individual Securitas Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). (Ward Dec., ¶ 18). Defendants have properly moved for the extension of time to file their motion to dismiss, and Modesto sought an Order on July 17, 2015 for additional time to respond to the motion for an extension of time and the motion to dismiss (see Docket Entry No. 57).

The Individual Securitas Defendants have moved and have requested an extension of time nearly two months prior to Plaintiff ever requesting the entry of default, and there is no basis for the opposition to Defendants' request.

It is well established that default judgments are disfavored. A clear preference exists for cases to be adjudicated on the merits." *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 174 (2d Cir. 2001). Default judgments are thus "reserved for rare occasions" and any "doubt[s] should be resolved in favor of the defaulting party." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

The Individual Securitas Defendants have shown that their failure to timely answer the Complaint was the result of what Defendants' counsel believed was working with Plaintiff and his counsel in the duplicative action to avoid undue motion practice and have the cases streamlined. Even if Defendants were incorrect in their understanding of the above, such a misunderstanding does not equate to willfulness in ignoring a pleading so as to justify a default entry. "Willfulness in the default judgment context must be conduct that is more than merely negligent or careless. *E-Business Holdings, LLC v. Webgenius.com, Inc.*, 2004 U.S. Dist. LEXIS 25045, 2004 WL 2884311, *1 (S.D.N.Y. 2004) (citing *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). Since all doubts are to be resolved in favor of the defaulting party, any doubt as to the reasonableness of

Defendants' efforts to resolve the duplicative actions without motion practice should be resolved in Defendants' favor.

Plaintiff has also failed to identify any prejudice that would follow from the Court granting the extension of time. Issue has not yet been joined to all parties (see e.g. Docket Entry No. 58), the parties have engaged in mediation scheduling, including the Securitas employee defendants, and yet without any explanation, Plaintiff refused Defendants' request that Plaintiff consent to the extension to answer, while at the same time the Securitas defendant employees have not objected to Plaintiff's multiple requests for additional time in this action and in the duplicate action. In the interim Plaintiff never moved for entry of default and instead waited for Defendants to move for the extension of time before voicing any objection. Thus, any claim of prejudice is spurious at best. See *United States Fid. & Guar. Co. v. Petroleo Brasileiro S.A*., 220 F.R.D. 404, 406-407 (S.D.N.Y. 2004), where the Court noted that a Plaintiff's failure to move promptly for default judgment weighed against any finding of prejudice as a result of delay.

In *O'Callaghan v. Sifre*, 242 F.R.D. 69 (S.D.N.Y 2007), the Court considered an application for default judgment where the defendants had appeared and defended the matter and submitted filings to the court. Noting the strong policy favoring an adjudication on the merits, the Court denied an application for entry of default judgment when no entry of default had been entered because, among other things, the conduct of the defendants reflected a desire to appear and litigate the matter, not one of willful neglect that could warrant the denial of a motion to vacate default. Id. at 75(and stating that all doubts must be resolved in favor of trial on the merits).

II

**PLAINTIFF'S OPPOSITION FAILS TO ADDRESS THE LEGAL MERITS OF DEFENDANTS' MOTION TO DISMISS**

The Individual Securitas Defendants have shown a meritorious defense, to support the request for leave to answer out of time. Indeed, Defendants have shown that the applicable law requires a dismissal of Plaintiff's claims.

It well established in the Second Circuit that individuals cannot be held personally liable for violations of Title VII and/or the ADEA. In *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995), the court unequivocally held that "individual defendants ... may not be held personally liable under Title VII." *See also*, *Kercado-Clymerv. City of Amsterdam*, 2010 U.S. App. LEXIS 6129 (2d. Cir. 2010) "(The District Court correctly dismissed Kercado-Clymer's Title VII claims against Brownell in his individual capacity because under Title VII individual supervisors are not subject to liability.").

The same principle has been extended to ADEA claims. See *Martin v. Chemical Bank*, 129 F.3d 114 (2d Cir. 1997); *Mcintyre v. Longwood Cent. Sch. Dist*., 380 Fed. Appx. 44 (2d 2010); *Guerra v. Jones*, 421 Fed. Appx. 15, 17 (2d. Cir. 2011) ("As the district court concluded, dismissal of the Title VII and ADEA claims against the individual Defendants was appropriate as neither statute subjects individuals, even those with supervisory liability over the plaintiff, to personal liability").

Thus, the Title VII and ADEA claims against all Individual Securitas Defendants are without merit and should be dismissed, as with the alleged violations of New York City Human Rights Law, N.Y.C. Admin.Code§ 8-101 *et seq.* ("NYCHRL"). The moving brief on the

Individual Securitas Defendants motion to dismiss demonstrates how the NYCHRL and all other claims should be dismissed for failure to state a claim under F.R.C.P. 12(b)(6).

## CONCLUSION

For the foregoing reasons, Defendants Bill Dunn, James Griffin, Frank Anello, Eddie Maldonado, Brenda Johnson, and Gloria Ran respectfully submit that the Court should grant their request for an extension of time to respond to the Complaint, and pursuant to Fed. R. Civ. P. 12(b)(6), the Court should dismiss all claims against them brought under Title VII of the Civil Right Act of 1964 42 U.S.C. §§2000e, et seq., all claims brought under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634, and all claims brought against them pursuant to the New York City Human Rights Law, N.Y. City Admin. Code§§ 8-101. It necessarily follows that the Court should deny the request for entry of default.

Dated: Tinton Falls, New Jersey
September 29, 2015

                                              Very truly yours,
                                              **KLUGER HEALEY, LLC**

                                              By: */s/ David A. Ward*
                                                    David A. Ward, Esq.
                                                    Attorneys for Defendants
                                                    Bill Dunn, James Griffin, Frank
                                                    Anello, Eddie Maldonado, Brenda
                                                    Johnson, Gloria Ran