David Ward
**KLUGER HEALEY, LLC**
788 Shrewsbury Ave., Suite 2182
Tinton Falls, New Jersey 07724
973-307-0800
Attorneys for Defendants
Christian Gonzales, Peter St. John,
Bill Dunn, James Griffin, Frank Anello,
Eddie Maldonado, Brenda Johnson, and Gloria Ran

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RAMON MODESTO,<br><br>    Plaintiff,<br><br>vs.<br><br>HECTOR FIGUERORA, et al.,<br><br>    Defendants. | CIV. NO. 15-495 (RA)<br><br><br>**BRIEF IN SUPPORT OF MOTION TO DISMISS** |

**Statement of Facts and Procedural History**

Defendants Christian Gonzales and Peter St. John, move pursuant to Fed. R. Civ. P. 12(b)(6) for a judgement dismissing: 1) all claims pursuant to Title VII of the Civil Right Act of 1964 42 U.S.C. §§2000e, et seq., ("Title VII"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634 ("the ADEA") brought against them in their individual capacities; and 2) all claims brought against them pursuant to the New York City Human Rights Law, N.Y. City Admin. Code§§ 8-101 ("NYCHRL").

Plaintiff brings this complaint of unlawful discrimination pursuant to Title VII, the ADEA, and the NYCHRL. The defendants who bring this motion (Christian Gonzales and Peter St. John) are alleged to be employees of Trinity Real Estate ("Trinity" – and these Defendants are collectively the "Individual Trinity Defendants"), and are being sued in their individual capacities.

Plaintiff is a security officer employed by Securitas. He complains generally that all Defendants discriminated against him in suspending or terminating his employment, in failing to promote him, in applying unequal terms and conditions of employment to him, in retaliating against him, and in failing to investigate workplace violence. Plaintiff asserts that he was subjected to this adverse treatment because of his race, color, age and national origin.

The Complaint itself is barren of facts but incorporates Plaintiff's complaint filed with the New York Division of the Equal Employment Opportunity Commission ("EEOC") on October 10, 2014. The main focus of Plaintiffs' EEOC claims appears to be his "Grievance Complaints" with the SEIU Local 32BJ Union (the "Union"). The first, in December 2013, was against Securitas and Joseph Dzaferovic, an individual employed not by Securitas but by First Quality Management ("FQM"). The allegations of the Complaint are not entirely clear, but it appears that Plaintiff avers that in his first Grievance Complaint he was complaining that his hours had been cut in retaliation for his reporting the misconduct of Dzaferovic, and/that he was "harassed, coerced, and racially bullied by FQM employee Joe Dzaferovic." In the second Grievance Complaint, Plaintiff asserts that he had been suspended by his employer on April 7, 2013, "for no apparent reason even if [he] was many times the victim of Joe's aggression and Workplace Violence." The third "Grievance Complaint" filed with the Union concerned the alleged inappropriate conduct of Mr. Dzaferovic.

As to the Individual Trinity Defendants, the most liberal reading of the Complaint (and the October 10, 2014 EEOC complaint annexed) would suggest that Plaintiff's claims against them are that "Building Property Manager Christian Gonzalez (sic) was aware that my locker was to be cut. A review of the Complaint reveals no other claims against Mr. Gonzales, nor any claims against Mt. St. John.

## ARGUMENT

### I

### PLAINTIFF'S CLAIMS UNDER TITLE VII AND THE ADEA MUST BE DISMISSED AS TO THE INDIVIDUAL TRINITY DEFENDANTS

In order to defeat a motion to dismiss, the Complaint must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell At!. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Deciding whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citations and internal quotation marks omitted). Plaintiff's pro se status does not relieve him of his obligation to plead facts supporting his

claims against each Individual Trinity Defendant. *See Zapolski v. Fed. Republic of Germany,* 425 F. App'x 5, 6 (2d Cir. 2011); *Jackson v. N YS. Dept of Labor,* 709 F.Supp.2d 218, 224 (S.D.N.Y.2010) ("even prose plaintiffs asserting civil rights claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a right to relief above the speculative level." A *pro se* plaintiff's pleadings still must contain "more than an unadorned, the defendant-unlawfully-harmed me accusation." *Iqbal,* 566 U.S. at 678. *See also Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 477 (2d Cir. 2006) ("[P]ro se status 'does not exempt a party from compliance with relevant rules of procedural and substantive law.'") (quoting *Traguth v. Zuck,* 10 F.2d 90, 95 (2d Cir.1983)).

Applied here, the standards on a motion to dismiss require the dismissal of all claims against the Individual Trinity Defendants. It well established in the Second Circuit that individuals cannot be held personally liable for violations of Title VII and/or the ADEA. In *Tomka v. Seiler Corp*., 66 F.3d 1295, 1313 (2d Cir. 1995), the court unequivocally held that "individual defendants ... may not be held personally liable under Title VII." *See also*, *Kercado-Clymerv. City of Amsterdam*, 2010 U.S. App. LEXIS 6129 (2d. Cir. 2010) "(The District Court correctly dismissed Kercado-Clymer's Title VII claims against Brownell in his individual capacity because under Title VII individual supervisors are not subject to liability.").

The same principle has been extended to ADEA claims. See *Martin v. Chemical Bank*, 129 F.3d 114 (2d Cir. 1997); *Guerra v. Jones*, 421 Fed. Appx. 15, 17 (2d. Cir. 2011) ("As the district court concluded, dismissal of the Title VII and ADEA claims against the individual Defendants was appropriate as neither statute subjects individuals, even those with supervisory liability over the plaintiff, to personal liability").

Thus, the Title VII and ADEA claims against Messrs. Gonzales and St. John should be dismissed.

II

**PLAINTIFF'S CLAIMS UNDER NYCHRL MUST BE DISMISSED AS TO ALL INDIVIDUAL TRINITY DEFENDANTS**

In addition to his federal claims, Plaintiff alleges that Defendants violated the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.* ("NYCHRL"). Under the NYCHRL, an individual may be liable if he or she "actually participates in the conduct giving rise to the plaintiff's discrimination or retaliation claim." See *Malena v. Victoria's Secret Direct, LLC,* 886 F.Supp.2d 349, 366 (S.D.N.Y. 2012) (internal quotation marks and edits omitted); *Davis-Bell v. Columbia Univ.,* 851 F. Supp.2d 650, 687 (S.D.N.Y. 2012) (to be liable under the NYCHRL an individual must have actually participated in the conduct giving rise to the claim of discrimination).

Here, Plaintiff fails to allege any participation in discriminatory or retaliatory conduct by St. John or Gonzales. The inclusion of these individuals appears to be based solely on their status as employees of Trinity Real Estate (with no allegations of wrongdoing in their employment at Trinity) and Mr. Gonzales' alleged awareness that Plaintiff's locker was to be cut. Nowhere does plaintiff allege facts that could lead to the inference that Mr. Gonzales participated in actionable conduct under the NYCHRL. His allegations are precisely the type of tenuous, conclusory allegations that cannot survive a motion to dismiss. See *Twombly,* 550 U.S. at 555 (a plaintiff is required to provide more than labels and conclusions). Plaintiff simply fails to allege that Messrs. St. John or Gonzales actually participated in any race, national origin, age, or any other form of discrimination or retaliation against him.

### III

### THE EXERCISE OF SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S NYCHRL WOULD BE INAPPROPRIATE HERE EVEN IF THOSE CLAIMS SURVIVED DISMISSAL

The foregoing arguments establish that all claims against the Individual Trinity Defendants should be dismissed for failure to state a claim under F.R.C.P. 12(b)(6). However, in the event the Court dismisses Plaintiff's federal claims but declines to dismiss the NYCHRL claims against some or all Individual Trinity Defendants for failure to state a claim, the Court should dismiss those claims for lack of jurisdiction because the exercise of supplemental jurisdiction over the remaining NYCHRL claims would serve no purpose. See *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006)); *Klein & Co. Futures, Inc. v. Board of Trade*, 464 F.3d 255, 262 (2d Cir. 2006) ("In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining jurisdiction over the remaining state-law claims.") (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988)).

### CONCLUSION

For the foregoing reasons, Defendants Christian Gonzales and Peter St. John respectfully submit that pursuant to Fed. R. Civ. P. 12(b)(6), the Court should dismiss all claims against them brought under Title VII of the Civil Right Act of 1964 42 U.S.C. §§2000e, et seq., all claims brought under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634, and all claims brought against them pursuant to the New York City Human Rights Law, N.Y. City Admin. Code§§ 8-101.

Dated: Tinton Falls, New Jersey
October 22, 2015

      Very truly yours,
      **KLUGER HEALEY, LLC**

      By: */s/ David A. Ward*
           David A. Ward, Esq.
           Attorneys for Defendants
           Christian Gonzales, Peter St. John,
           Bill Dunn, James Griffin, Frank
           Anello, Eddie Maldonado, Brenda
           Johnson, Gloria Ran