UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RAMON MODESTO,

                Plaintiff,

    -against-                         **REPORT AND RECOMMENDATION**

                                            15-CV-495 (RA) (KNF)

HECTOR FIGUEROA, PRES. OF SEIU 32BJ,
ET AL.,

                Defendants.
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE RONNIE ABRAMS, UNITED STATES DISTRICT JUDGE

    The plaintiff, proceeding pro se and in forma pauperis, commenced this action alleging discrimination and retaliation, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17, the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634, and the New York City Human Rights Law, against various defendants, including "Arbitrators of 32BJ." Before the Court is "Defendant Service Employees Int'l Union, Local 32BJ's Notice of Motion and Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)." The notice of motion contends "that Defendant 'Arbitrators of 32BJ' hereby [sic] to dismiss the Complaint against "Arbitrators of 32BJ" because: (1) "there is no such Defendant as 'Arbitrators of 32BJ'"; (2) "there are no specifically plead allegations against any arbitrators in the complaint"; and (3) "arbitrators individually are immune from the decision made in the arbitral forum." (Docket Entry No. 32). The memorandum of law in support of the motion contends that "Defendant Hector J. Figueroa, President of SEIU Local 32BJ (Local 32BJ or the Union) moves pursuant to Fed. R. Civ. P. 12(b)(6) for a judgment dismissing all claims against the 'Arbitrators of SEIU

1

32BJ.'" (Docket Entry No. 33). In a footnote to the memorandum of law, it is contended that the "Deputy General Counsel of SEIU Local 32BJ is answering this complaint on behalf of 'the Arbitrators of 32BJ' because SEIU Local 32BJ was served with the complaint for this entity. It is entirely unknown by SEIU Local 32BJ which individual arbitrator the Plaintiff intended to name." The plaintiff does not oppose the motion.

The notice of motion contends it is made by: (1) "Defendant Service Employees Int'l Union, Local 32BJ"; and (2) "Defendant 'Arbitrators of 32BJ.'" The notice of motion is internally inconsistent because it purports, simultaneously, to be made by a third-party who is not a named defendant in this action, namely "Service Employees Int'l Union, Local 32BJ," and by "Defendant 'Arbitrators of 32BJ,'" the named defendant in this action. The notice of motion is also inconsistent with the memorandum of law submitted in support of the motion contending that the motion to dismiss "all claims against the 'Arbitrators of SEIU 32BJ'" is made by "Defendant Hector J. Figueroa, President of SEIU Local 32BJ." The footnote to the memorandum of law contends, erroneously, that the "Deputy General Counsel of SEIU Local 32BJ is answering this complaint on behalf of 'the Arbitrators of 32BJ'"; however, at the time of this writing, no answer has been filed in this action. The motion is not accompanied by any affidavit containing factual information, as contemplated by Local Civil Rule 7.1 of this court.

"Ordinarily, one may not claim standing in [federal courts] to vindicate the . . . rights of some third party." Singleton v. Wulff, 428 U.S. 106, 114, 96 S. Ct. 2868, 2874 (1976). Absent an affidavit, the contentions that: (1) Hector J. Figueroa is "President of SEIU Local 32BJ"; and (2) "[t]here are no 'Arbitrators of 32BJ,'" are not supported by any evidence. Moreover, no evidence is provided establishing what, if any, relationship exists between the "Service Employees Int'l Union, Local 32BJ" and the "Arbitrators of 32BJ," or "Hector J. Figueroa,

President of SEIU Local 32BJ" and the "Arbitrators of 32BJ." The notice of motion and the memorandum of law contain inconsistent information concerning the identity of the movant(s), and without any affidavit in support of the motion, it would appear that the motion might be made, improperly, by either the third-party "Service Employees Int'l Union, Local 32BJ," or defendant "Hector J. Figueroa, President of SEIU Local 32BJ," on behalf of defendant "Arbitrators of 32BJ." As no basis is demonstrated for the third-party "Service Employees Int'l Union, Local 32BJ," or defendant "Hector J. Figueroa, President of SEIU Local 32BJ," to make a motion on behalf of defendant "Arbitrators of 32BJ," granting the motion, in this circumstance, is not warranted.

Nonetheless, in proceedings in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii). The complaint is devoid of any allegations against the "Arbitrators of 32BJ." Moreover, to the extent that the plaintiff's claims were subject to an arbitral award made in connection with a contractual arbitration proceeding, "arbitrators in contractually agreed upon arbitration proceedings are absolutely immune from liability in damages for all acts within the scope of the arbitral process." Austern v. Chicago Bd. Options Exchange, Inc., 898 F.2d 882, 886 (2d Cir. 1990). Therefore, the Court finds that the complaint fails to state a claim for relief against the "Arbitrators of 32BJ."

## RECOMMENDATION

For the foregoing reasons, I recommend that: (1) the motion appearing at Docket Entry No. 32, be denied; and (2) the claims against the Arbitrators of 32BJ be dismissed.

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Ronnie Abrams, 40 Centre Street, Room 2203, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 425, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Abrams. *Failure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review.* See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003).

Dated: New York, New York
November 2, 2015

Respectfully submitted,

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Copy mailed to:

Ramon Modesto

*h:\wpdocs\ramonmodesto.rr*

4