UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RAMON MODESTO,

                Plaintiff,

        -against-

HECTOR FIGUEROA, PRES. OF SEIU 32BJ,
ET AL.,

                Defendants.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

15-CV-495 (RA) (KNF)

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE RONNIE ABRAMS, UNITED STATES DISTRICT JUDGE

The plaintiff, proceeding pro se and in forma pauperis, commenced this action alleging

discrimination and retaliation, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§§ 2000e-2000e-17 ("Title VII"), the Age Discrimination in Employment Act of 1967, 29 U.S.C.

§§ 621-634 ("ADEA"), and the New York City Human Rights Law, against various defendants,

including Robert Savage ("Savage"), Frank Waterman, David Harisaran[1] ("Harisaran"), Mark

Kelly ("Kelly") and "Mr. Rodriguez." The plaintiff alleges that, in July and October 2013, he

reported incidents of marijuana-smoking on the premises where he was employed by Securitas

Security Agency, as a security officer. According to the plaintiff, these incidents "were believed

to involve FQM [First Quality Management]" employees. The plaintiff asserts that, following

his October 2013 report, Harisaran cut his locker, without notice, and he was assaulted,

---

[1] The plaintiff named David Harisaran as a defendant and also referred to that person as
"Deetendra 'Dave' Harisaran" in the complaint. The moving papers indicate that defendant's
name as "Deetendra Harisaran."

"harassed, coerced and racially bullied by another FQM employee Jusuf 'Joe' Dzaferovic"

("Dzaferovic"). The plaintiff alleges that he "was suspended on April 7 to August 22, 2014 for

no apparent reason," without pay, notwithstanding that he was "the victim of Joe's aggression

and Workplace Violence." The plaintiff contends that he complained about Dzaferovic to his

union, but his complaints were ignored. The plaintiff asserts that he is Asian and Filipino, age

56, and the "union may have discriminated against me because of my Race and National

Origin." Moreover, the plaintiff asserts that he "may have been retaliated against by the Union

and FQM for making the marijuana Incident Reports."

Before the Court is a motion to dismiss the complaint for failure to state a claim for

relief, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made by Michael

Rodriguez ("Rodriguez"), Savage, Anthony Waterman s/h/a Frank Waterman ("Waterman"),

Harisaran and Kelly. The movants contend that the plaintiff's claims under Title VII and ADEA

must be dismissed because those statutes do not provide for individual liability. The movants

assert that the plaintiff (a) fails to make any allegations against Rodriguez, Waterman and Kelly;

(b) alleges only that Harisaran cut the plaintiff's locker after the plaintiff allegedly reported an

incident of marijuana-smoking; and (c) alleges solely that Savage was "aware of Joe's

[Duvoferovic] workplace violence," but no allegations exist that any movant "participated in any

race, national origin, age or other discrimination or retaliation against the plaintiff."

The plaintiff opposes the motion. In his affirmation and "Memorandum" in opposition to

the motion, the plaintiff makes additional allegations and claims. Attached to the plaintiff's

opposition are various exhibits, which he contends "indisputably prove the pervasive and

persistent discrimination and retaliation done to plaintiff by respondents." The movants contend

that the plaintiff's additional claims are meritless.

*Legal Standard*

"It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they *suggest*.'" Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (citation omitted).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.
>
> Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)).

"Conclusory allegations that the defendant violated the standards of law do not satisfy the need for plausible factual allegations." Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 191 (2d Cir. 2010) (citing Twombly, 550 U.S. at 555, 127 S. Ct. at 1965). On a motion pursuant to Rule 12(b)(6), all facts alleged in the complaint are assumed to be true and all reasonable inferences are drawn in the plaintiff's favor. See Interpharm, Inc. v. Wells Fargo Bank, Nat'l Ass'n, 655 F.3d 136, 141 (2d Cir. 2011).

*Application of Legal Standard*

To the extent that the plaintiff's opposition to the motion contains additional allegations and claims, they are improper and will not be considered in determining the motion. Moreover, to the extent that the plaintiff's affirmation in opposition to the motion includes exhibits which are matters outside the complaint, they are excluded in determining the instant motion. See Fed. R. Civ. P. 12(d).

"[I]ndividuals are not subject to liability under Title VII," Wrighten v. Glowski, 232 F.3d 119, 120 (2d Cir. 2000), or ADEA, see McKeever v. N.Y. Med. Coll., No. 96 Civ 7066, 1999

3

WL 179376, at *8 (S.D.N.Y. Mar. 31, 1999) ("Because the statutory definition of 'employer' in the ADEA mirrors the definition in Title VII, the analysis of claims raised under each one of these statutes has generally followed cases brought under the other.").  Since the plaintiff alleges that he is employed by Securitas Security Agency, which is not a defendant in this action, the plaintiff's claims under Title VII and ADEA against the movants warrant dismissal because individual liability does not exist under those statutes.

The complaint is devoid of any allegations against Rodriguez, Waterman and Kelly. Accordingly, the plaintiff's claims against them also warrant dismissal.  The only allegation in the complaint against Harisaran is that, on October 10, 2013, "FQM employees led by Deetendra 'Dave' Harisaran cut my locker without notice."  This allegation, without more, is insufficient to state a claim for relief, in this action, that is plausible on its face.  Similarly, the only allegation against Savage, that he was "aware of Joe's workplace violence against me because I reported this to him on October 30, 2013," is insufficient to state a claim for relief, in this action, that is plausible on its face.

Amending the complaint would be futile because the thrust of the plaintiff's complaint is that his union ignored his complaints concerning the incidents involving FQM's employee Dzaferovic.  Nothing in the complaint suggests, even remotely, that the movants were involved in any acts that would form a sufficient basis upon which to state a claim for relief, in this action, that is plausible on its face.

## RECOMMENDATION

For the foregoing reasons, I recommend that the motion to dismiss, Docket Entry No. 37, be granted.

### FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

Procedure, the parties shall have fourteen (14) days from service of this Report to file written

objections.  See also Fed. R. Civ. P. 6.  Such objections, and any responses to objections, shall be

filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable

Ronnie Abrams, 40 Centre Street, Room 2203, New York, New York, 10007, and to the

chambers of the undersigned, 40 Centre Street, Room 425, New York, New York, 10007.  Any

requests for an extension of time for filing objections must be directed to Judge Abrams.

*Failure to file objections within fourteen (14) days will result in a waiver of objections and*

*will preclude appellate review.*  See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985);

Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003).

Dated: New York, New York  
      November 2, 2015

Respectfully submitted,

*Kevin Nathaniel Fox*

KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE

Copy mailed to:

Ramon Modesto

*H:\wpdocs\ramonmodesto2.rr*

5