UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RAMON MODESTO,

      Plaintiff,

  -against-      **REPORT AND RECOMMENDATION**

            15-CV-495 (RA) (KNF)

HECTOR FIGUEROA, PRES. OF SEIU 32BJ,
ET AL.,

      Defendants.
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE RONNIE ABRAMS, UNITED STATES DISTRICT JUDGE

  The plaintiff, proceeding pro se and in forma pauperis, commenced this action alleging discrimination and retaliation, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17 ("Title VII"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634 ("ADEA"), and the New York City Human Rights Law, against various defendants, including "Hector Figueroa, Pres. of SEIU 32BJ," "Chairman and Members of 32BJ Appeals Board," "Dan Wilson 32BJ," "Johnny Herrera 32 BJ," "Israel Melendez 32 BJ," and "Henry Fair Shop Steward 32BJ." The plaintiff is "a member in good standing of 32BJ Union since 2013." The plaintiff alleges that, in July and October 2013, he reported incidents of marijuana-smoking on the premises where he was employed by Securitas Security Agency, as a security officer. According to the plaintiff, these incidents "were believed to involve FQM [First Quality Management]" employees. The plaintiff asserts that, following his October 2013 report, "Deetendra 'Dave' Harisaran" ("Harisaran") cut his locker, without notice, and he was assaulted, "harassed, coerced and racially bullied by another FQM employee Jusuf 'Joe' Dzaferovic"

1

("Dzaferovic"). The plaintiff alleges that he "was suspended on April 7 to August 22, 2014 for no apparent reason," without pay, notwithstanding that he was "the victim of Joe's aggression and Workplace Violence." The plaintiff contends that he complained about Dzaferovic to his union, but his complaints were ignored. The plaintiff asserts that he is Asian and Filipino, age 56, and the "union may have discriminated against me because of my Race and National Origin." Moreover, the plaintiff asserts that he "may have been retaliated against by the Union and FQM for making the marijuana Incident Reports."

Before the Court is a motion to dismiss the complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made by "Hector Figueroa, Pres. of SEIU 32BJ and Member of the Appeal Board ["Figueroa"], Dan Wilson ["Wilson"], Johnny Herrera ["Herrera"], Israel Melendez ["Melendez"] and Jusuf 'Joe' Dzaferovic." The movants contend that the plaintiff's Title VII and ADEA claims against Figueroa, in his individual capacity, the "Chairman and Members of the Appeal Board," Wilson, Herrera and Melendez should be dismissed because individuals cannot be held liable for violations of Title VII and ADEA. They assert that "SEIU 32BJ is a labor organization within the meaning of the National Labor Relations Act (NLRA)," which "imposes on exclusive bargaining representatives the duty of fairly representing members of the bargaining units they represent." The movants maintain that the duty of fair representation arising under NLRA, 29 U.S.C. § 152(5), "pre[e]mpts enfor[ce]ment of the NYCHRL against the union defendants."[1] According to the movants, "the Plaintiff's NYCHRL

---

[1] The movants contend, in a footnote to their memorandum of law, filed on June 16, 2015, that Henry Fair "is a Union steward. The Union has not brought this motion on behalf of Mr. Fair as he has not been served." Docket Entry No. 29, dated May 4, 2015, shows that Henry Fair was served with the summons and complaint, on April 28, 2015, and the service was accepted on his behalf by "Gloria Ran Hr. Mgr.," the same person who accepted service for the movants.

allegations against SEIU 32BJ all have to do with the actions or failure to act by the union in their [sic] role as exclusive bargaining representative." The movants contend that the plaintiff failed to state a claim against Dzaferovic because he: (a) "is an employee of FQM, but he holds no Union office, is not a Union employee, and is not an agent of the Union"; and (b) "is not an employer and there are no allegations that he aided or abetted the employer."

The plaintiff opposes the motion. In his affirmation and "Memorandum" in opposition to the motion, the plaintiff makes additional allegations and claims. Attached to the plaintiff's opposition are various exhibits, which he contends "indisputably prove the pervasive and persistent discrimination and retaliation done to plaintiff by respondents."

***Legal Standard***

"It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they *suggest*.'" Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (citation omitted).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.
>
> Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)).

"Conclusory allegations that the defendant violated the standards of law do not satisfy the need for plausible factual allegations." Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 191 (2d Cir. 2010) (citing Twombly, 550 U.S. at 555, 127 S. Ct. at 1965). On a motion pursuant to Rule 12(b)(6), all facts alleged in the complaint are assumed to be true and all reasonable inferences are drawn in the plaintiff's favor. See Interpharm, Inc. v. Wells Fargo Bank, Nat'l

Ass'n, 655 F.3d 136, 141 (2d Cir. 2011).

*Application of Legal Standard*

The motion is not accompanied by any affidavit containing factual information, as contemplated by Local Civil Rule 7.1 of this court. Thus, any factual allegations contained in the movants' memorandum of law, to the extent that they are not asserted or incorporated by reference in the complaint and taken as true for the purpose of this motion, are unsubstantiated.

To the extent that the plaintiff's opposition to the motion contains additional allegations and claims, they are improper and will not be considered in determining the motion. Moreover, to the extent that the plaintiff's affirmation in opposition to the motion includes exhibits which are matters outside the complaint, they are excluded in determining the instant motion. See Fed. R. Civ. P. 12(d).

"[I]ndividuals are not subject to liability under Title VII," Wrighten v. Glowski, 232 F.3d 119, 120 (2d Cir. 2000), or ADEA, see McKeever v. N.Y. Med. Coll., No. 96 Civ. 7066, 1999 WL 179376, at *8 (S.D.N.Y. Mar. 31, 1999) ("Because the statutory definition of 'employer' in the ADEA mirrors the definition in Title VII, the analysis of claims raised under each one of these statutes has generally followed cases brought under the other."). Since the plaintiff alleges that he is employed by Securitas Security Agency, which is not a defendant in this action, the plaintiff's claims under Title VII and ADEA against the movants warrant dismissal because individual liability does not exist under those statutes.

The movants failed to provide evidence that "SEIU 32BJ is a labor organization within the meaning of the National Labor Relations Act" or make citation to any binding authority for their proposition that "the duty of fair representation . . . displaces and/or supersedes state claims that a union discriminated against a bargaining unit member." Absent any binding authority to

support the movants' preemption argument, the Court is not convinced that it has merit. Thus, dismissing the plaintiff's New York City Human Rights Law claims, on the ground of preemption, is not warranted.

However, where "the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims." Klein & Co. Futures, Inc. v. Bd. of Trade of the City of N.Y., 464 F.3d 255, 262 (2d Cir. 2006). Thus, the New York City Human Rights Law claims may be dismissed, as an exercise of discretion.

Amending the complaint would be futile, because the thrust of the plaintiff's complaint is that his union ignored his complaints concerning the incidents involving FQM's employee Dzaferovic. The complaint does not suggest that any plausible inference may be drawn that the movants were involved in acts that would form a sufficient basis upon which to state a claim, in this action, that is plausible on its face.

## RECOMMENDATION

For the foregoing reasons, I recommend that: (a) the motion to dismiss, Docket Entry No. 42, be granted with respect to the plaintiff's federal claims; and (b) the court decline to exercise supplemental jurisdiction over the plaintiff's New York City Human Rights Law claims.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Ronnie Abrams, 40 Centre Street, Room 2203, New York, New York, 10007, and to the

chambers of the undersigned, 40 Centre Street, Room 425, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Abrams. *Failure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review.* See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003).

Dated: New York, New York
       November 2, 2015

Respectfully submitted,

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Copy mailed to:

Ramon Modesto

*h:\wpdocs\ramonmodesto3.rr*