UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RAMON MODESTO,

      Plaintiff,

  -against-

HECTOR FIGUEROA, PRES. OF SEIU 32BJ,
ET AL.,

      Defendants.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

15-CV-495 (RA) (KNF)

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE RONNIE ABRAMS, UNITED STATES DISTRICT JUDGE

  The plaintiff, proceeding pro se and in forma pauperis, commenced this action alleging

discrimination and retaliation, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§§ 2000e-2000e-17 ("Title VII"), the Age Discrimination in Employment Act of 1967, 29 U.S.C.

§§ 621-634 ("ADEA"), and the New York City Human Rights Law, against various defendants,

including "Bill Dunn Dir. of Labor Relations" ("Dunn"), James Griffin, ("Griffin"), Frank

Anello ("Anello"), Eddie Maldonado ("Maldonado"), Brenda Johnson ("Johnson") and Gloria

Ran ("Ran"). The plaintiff alleges that, in July and October 2013, he reported incidents of

marijuana-smoking on the premises where he was employed by Securitas Security Agency, as a

security officer.  According to the plaintiff, these incidents "were believed to involve FQM

[First Quality Management]" employees.  The plaintiff asserts that, following his October 2013

report, "Deetendra 'Dave' Harisaran" cut his locker, without notice, and he was assaulted,

"harassed, coerced and racially bullied by another FQM employee Jusuf 'Joe' Dzaferovic

[("Dzaferovic")]."  The plaintiff alleges that he "was suspended on April 7 to August 22, 2014 for no apparent reason," without pay, notwithstanding that he was "the victim of Joe's aggression and Workplace Violence."  The plaintiff contends that he complained about Dzaferovic to his union, but his complaints were ignored.  The plaintiff asserts that he is Asian and Filipino, age 56, and the "union may have discriminated against me because of my Race and National Origin."  Moreover, the plaintiff asserts that he "may have been retaliated against by [his] Union and FQM for making the marijuana Incident Reports."

Before the Court is a motion to dismiss the complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and for an "order extending [the] time to answer or respond," made by Dunn, Griffin, Anello, Maldonado, Johnson and Ran.  The movants contend that the plaintiff's Title VII and ADEA claims against them in their individual capacities must be dismissed because individuals may not be held liable under those statutes.  They assert that the plaintiff's claims made against them, under the New York City Human Rights Law, must be dismissed because the plaintiff "failed to allege any participation in discriminatory or retaliatory conduct by Individual Securitas Defendants" Johnson, Anello, Griffin and Ran, and no allegations "could lead to the inference that these individuals participated in actionable conduct under the NYCHRL."  According to the movants, the only allegations against Dunn and Maldonado are that: (a) "they failed to act in response to Plaintiff's request for placement at an ESD site"; and (b) "Dunn also failed to restore Plaintiff's hours that had been cut."  The movants maintain that these allegations are conclusory and no allegations exist that Dunn or Maldonado "actually participated in any race, national origin, age or any other form of discrimination or retaliation against him."  The movants contend that, even if the plaintiff's New York City

Human Rights Law claims survived dismissal, the exercise of supplemental jurisdiction would serve no purpose.

The plaintiff opposes the motion.  In his affirmation and "Memorandum" in opposition to the motion, the plaintiff makes additional allegations and claims.  Attached to the plaintiff's opposition are various exhibits, which he contends "indisputably prove the pervasive and persistent discrimination and retaliation done to plaintiff by respondents."

## Legal Standard

"It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they *suggest*.'" Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (citation omitted).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.
>
> Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)).

"Conclusory allegations that the defendant violated the standards of law do not satisfy the need for plausible factual allegations." Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 191 (2d Cir. 2010) (citing Twombly, 550 U.S. at 555, 127 S. Ct. at 1965).  On a motion pursuant to Rule 12(b)(6), all facts alleged in the complaint are assumed to be true and all reasonable inferences are drawn in the plaintiff's favor.  See Interpharm, Inc. v. Wells Fargo Bank, Nat'l Ass'n, 655 F.3d 136, 141 (2d Cir. 2011).

## Application of Legal Standard

To the extent that the plaintiff's opposition to the motion contains additional allegations

and claims, they are improper and will not be considered in determining the motion. Moreover, to the extent that the plaintiff's affirmation in opposition to the motion includes exhibits which are matters outside the complaint, they are excluded in determining the instant motion. See Fed. R. Civ. P. 12(d).

"[I]ndividuals are not subject to liability under Title VII," Wrighten v. Glowski, 232 F.3d 119, 120 (2d Cir. 2000), or the ADEA, see McKeever v. N.Y. Med. Coll., No. 96 Civ. 7066, 1999 WL 179376, at *8 (S.D.N.Y. Mar. 31, 1999) ("Because the statutory definition of 'employer' in the ADEA mirrors the definition in Title VII, the analysis of claims raised under each one of these statutes has generally followed cases brought under the other."). Since the plaintiff alleges that he is employed by Securitas Security Agency, which is not a defendant in this action, the plaintiff's claims under Title VII and the ADEA against the movants warrant dismissal because  individual liability does not exist under those statutes.

The only allegation against Anello is that Anello knew that the property manager, Christian Gonzalez, was aware that the plaintiff's "locker was to be cut." The only allegation against Johnson is that, in August 2013, after the plaintiff "reported the marijuana incident, my employer began to cut my hours of work without cause and gave it to S/O Brenda Johnson and other co-workers." The only allegation against Griffin is that a union delegate, Israel Melendez, discouraged the plaintiff from filing "a Grievance Complaint with the Union against Securitas and Joe Dzaferovic," because he said "Mr. James Griffin (Securitas Security Director) might be in trouble." The only allegations against Dunn and Maldonado are that they failed to act in response to the plaintiff's request to be placed "in a new FSD building for my onsite test" and Dunn failed to restore the plaintiff's hours that had been cut, after promising to do so. The plaintiffs' allegations against Anello, Johnson, Griffin, Dunn and Maldonado are insufficient to

state a claim for relief that is plausible on its face. The complaint is devoid of any allegation against Gloria Ran. Accordingly, dismissing the plaintiff's claims against Anello, Johnson, Griffin, Dunn, Maldonado and Ran is warranted.

Amending the complaint would be futile because the thrust of the plaintiff's complaint is that his union ignored his complaints concerning the incidents involving FQM's employee Dzaferovic. Nothing in the complaint suggests, even remotely, that the movants were involved in any acts that would form a sufficient basis upon which to state a claim for relief, in this action, that is plausible on its face.

## RECOMMENDATION

For the foregoing reasons, I recommend that the motion to dismiss, Docket Entry No. 50, be granted.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Ronnie Abrams, 40 Centre Street, Room 2203, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 425, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Abrams. *Failure to file objections within fourteen (14) days will result in a waiver of objections and*

***will preclude appellate review.*** <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S. Ct. 466 (1985);

<u>Cephas v. Nash</u>, 328 F.3d 98, 107 (2d Cir. 2003).

Dated: New York, New York
   November 2, 2015

Respectfully submitted,

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Copy mailed to:

Ramon Modesto

***ramonmodesto4.rr***

6