USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/4/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
x------------------------------------------------x

RAMON MODESTO,
           Plaintiff,

-against-

HECTOR FIGUEROA, et.al.
           Defendants,
x------------------------------------------------x

15-cv-495 (KNF)(RA)
**OBJECTIONS** TO
REPORT AND RECOMMENDATION
(Securitas Defendants)

THE HONORABLE RONNIE ABRAMS, UNITED STATES DISTRICT JUDGE

THE HONORABLE KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

OBJECTIONS TO THE REPORT AND RECOMMENDATION
( Securitas Defendants)

Plaintiff files his Objections to the Report and Recommendations of the Hon. Kevin Nathaniel Fox, Magistrate Judge on November 2, 2015. Plaintiff also has attached to this Objection an affidavit containing factual information as per Local Civil Rule 7.1 of the court. Plaintiff incorporates as part of his objection the opposition to motion to dismiss filed by Securitas defendants. Thus, the affidavit and the opposition referred to should be taken as true for the purposes of this objection.

**D I S C U S S I O N**

On a motion to dismiss, a plaintiff need not plead all the facts necessary to establish a prima facie case, but must satisfy the provisions of Fed. R. Civ.Proc. The court must "accept as true the facts alleged in the complaint and any

1

submissions in opposition to the dismissal motion. " (511 West 232nd Owners Corp. v. Jennifer Realty Co. 98 NY 2d 144,152 [2002]). " The court is required to accept the material facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff. Ashcroft v. Iqbal, 556 U.S. 662, 679 129 S. Ct. 1937, 1949-50 173 L. Ed. 2d 868 (2009)." The court may refer to "documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in (a) plaintiff's possession or of which (b) plaintiff had knowledge and relied on in bringing the suit." ( Brass v. Am. Film Tech., Inc. 987 F. 2d 142, 150 (2d Cir. 1993).

In addition, " a plaintiff may submit affidavits to remedy defects in the complaint and preserve ill- pleaded, but potentially meritorious claims " (Mills v. Gardner 106 AD 3 d 885,886 [2nd Dept 2013 ] quoting Cron v. Hagro Fabrics ,Inc 91 NY 2d 362, 366 [366] [1998]". " A court may freely consider affidavits submitted by the plaintiffs to remedy defects in the complaint ". (Well v. Yeshiva Rambam 300 AD 2d 580 [ 2d Dept. 2002].

Plaintiff had repeatedly raised his concern and complained to Securitas defendants Dunn, Griffin, Anello, and Ran the shaving of his hours, giving of his hours to other security guards, specifically to Johnson and other younger employees, denial of overtime, deprivation of promotion, discrimination and retaliation and hostile work hours but his complain was ignored. He had other complaints for racial slurring and assault by Dzaferovic by FQM all of which were not investigated. Perhaps recovering from his failure to investigate my three complaints in October, 2013 against Dzaferovic, Dunn on April 17, 2014, went through the motions of an "investigation" in the presence on defendant Henry Fair, but had no intent to ferret out the truth by his refusal to turn over cctv coverage regarding Dzaferovic' latest racial slur. What made the workplace a hostile work environment, among others was the fact that Securitas defendants acted together to make plaintiff lose his Fire Safety

2

Director license FSD (FSD Z 50) by not putting him in an FSD position, which promotion will almost double his salary as the rest of his co-workers who all have passed the FSD test with the support of Securitas.

While there is no claim for individual liability under Title VII, " defendants may be held individually liable under the NYSHRL." Ramirez v. Hempstead Union Free School Dist. Bd. Of Educ. 2014 WL 3547374,* 6 (E.D.N.Y. 2014) citing Feingold v. New York, 366 F3d 138,157 (2d Cir. 2004) and Tomka v. Seiler Corp. 66 F3d 1295,1317 (2d Cir. 1995). According to the Second Circuit if Feingold, a supervisor is an "employer" and liable under the NYSHRL if that supervisor " actually participates in the conduct giving rise to the discrimination." Feingold citing Tomka. In addition a non-supevisor, or a co-worker, may be liable for discrimination even if they lack the authority to hire for or fire plaintiff if that person "aid[s], abet[s],incite[s],compel[s] or coerces[s] the doing of any acts forbidden under this article or attempt to do so. Id., at 158 (citing N.Y. Exec. Law s. 296 (6)). This language has been interpreted to extendliability to any individual defendant who " actually participates in the conduct giving rise to the discrimination claim." Id.

Dunn, Griffin, Anello, Ran and Maldonado failed to investigate plaintiffs complaints and retaliated against him. All of these persons are my superiors.

Other courts have found that a failure to investigate can constitute "active participation" to support an "aiding and abetting " claim. (see Feingold). The court denied summary judgment on s. 296 claims where defendants took no action to remedy such behavior of which they were aware ) Gallo v. Wonderly Co., Inc. 2014 WL 36628 * 8(N.D.N.Y. 2014) ( a person May be liable under s. 296 for taking no action to remedy discriminatory behavior ); Lewis v. Triborough Bridge and Tunnel Auhto. 77 F. Supp. 2d 376,384 (S.D.N.Y.1999) ( " the case law establishes beyond cavil that a supervisor's failure to take adequate remedial measures can rise to the level of "actual participation" under HRL s. 296 (6) )accord Cid v. ASA Institute of

3

Business & Computer Technology ,Inc.  2013 WL 1193056 * 6 (E.D.N.Y. 2013 ) Note that defendant Dunn was the Director of Labor Relations for Securitas, and he asked plaintiff to " email him and get back to him (Dunn) if plaintiff had more concerns , so that he "could address them". Dunn was therefore, a supervisor and a person in authority who had completely ignored plaintiff and his legitimate and work-related concerns. Pls. see attached CD re conversation with Mr. Dunn. This will indubitably prove that no investigation was made on plaintiffs three (3) previous complaints on October, 2013 which ultimately led to a fourth (4) retaliation incident on April 5, 2014 where Dzaferovic again uttered disparaging remarks against plaintiff.

WHEREFORE, plaintiff prays that the Report and Recommendation granting the Securitas defendants motion to dismiss be reversed and set aside and the motion to dismiss filed by Securitas defendants be denied.

Dated:  December 2, 2015
        Woodside, NY 11377

Ramon Modesto
4029  67 St., 2F
Woodside, NY 11377
Cel. 718-431-5226

4

# A F F I D A V I T

I, Ramon Modesto, under the penalty of perjury, alleges:

1. I am a licensed Security Guard, Fire Guard with the State of New York. I also had a former license as a Fire Safety Director FSD Z-50, which license I lost and was cancelled by the Fire Department of the State of New York when I was unjustly suspended from work from April 5, 2014 to august 2014. Defendants William "Bill" Dunn ("Dunn"), James Griffin ("Griffin"), Frank Anello ("Anello"), and Eddie Maldonado ("Maldonado"), never put me in a building where I could complete my FSD license test, although they Had the power and authority to do so. They made me forfeit my license.

2. I worked with Securitas starting December 2012 initially at the Morgan Stanley site. I was sent to the Trinity Real Estate site on June, 2013. I asked for transfer on April 7,2014 to another worksite when I was retaliated against and suffered adverse employer action and hostility in the workplace from July 2013, even up to the present at the UBS site.

3. I was unjustly suspended from April 7, 2014 to August 22, 2014. I was finally transferred to the UBS site after more than four (4) months of suspension. I received no explanation, memo, note or whatever in writing except verbal orders from Griffin and Dunn that I was " off the site." And " Don't go to work you're off the site."

4. Sometime in July, 2013, my hours began to be shaved and cut by Securitas. No reason was given whatsoever.

5. I complained about my cut hours to non-defendant Debbie Fernandez of Securitas at 75 Varick St. office, and to non-defendant Alfred Soto also of

1

Securitas. But they could do nothing about it. Mr. Dunn falsely promised me several times that he would get my hours back, but he never did.

6. I also complained to 32 BJ Union delegate Israel Melendez ("Melendez"), but he did nothing to help me.

7. On October 11, 2013, a Friday, defendant Brenda Johnson (Johnson) cursed and yelled profanities at me regarding the "bike incident" at 200 Hudson St. building. I complained to the Securitas hotline and to defendants Anello and Dunn. But Johnson was never disciplined even though she violated Securitas rules by her cursing and cussing. My complaint was never investigated.

8. Even the harassment and racial slurs committed by defendant Jusuf "Joe" Dzaferovic ( Dzaferovic) was never investigated by Dunn, Anello, and Maldonado. In a meeting on November 4, 2013, Defendant Griffin called my complaint " A F*****NG Lie", "GARBAGE " and " B******** IT" He also said " YOURE WATCHING TO MUCH DVDs. " Mr. Dunn repeatedly told me " YOU CAN'T PROVE A THING. YOU JUST WANT TO GET JOE INTO TROUBLE.". Defendant Maldonado said to me " I DON'T WANT TO GET INTO YOUR DRAMA. '" ' THAT'S BETWEEN YOU AND HIM." That same day on November 4, 2013, Mr. Dunn and Anello proceeded to give me a write up, and forced and compelled me to sign a disciplinary memo blaming me for a false excuse for not reporting the October harassment incidents on time. I did report on October 31, 2013 to FSD Sofia Brooks of 350 Hudson (not a defendant).

9. On April 5, 2014, defendant Dzaferovic harassed me again. Mr. Dunn admitted that it looked like that Dzaferovic was talking to me when I was quiet, confirming my statement that Mr. Dzaferovic was no doubt the harasser. Mr. Dunn said he viewed the cctv tapes of the incident.

2

10. Mr. Dunn however, depite my requests, never gave me copies of the footages of the cctv cameras at 345 and 350 Hudson showing how Dzaferovic harassed me. Mr. Anello told me not to make a report on this incident. But I have official entries in the security logbook capturing this incident. I believe that Mr. Dunn, Griffin and Anello together with Dzaferovic made false reports and made me look like the aggressor to make me quit my job. Defendant Peter St. John of Trinity, the building manager for 350 Hudson, knew or should have known about what I believe is a frame-up but instead, proceeded to suspend me or decided to suspend me in cooperation with Securitas defendants.

11. On April 7, 2013, I asked for a transfer to another site, since my work environment became hostile as I had been the victim of retaliation and disparate treatment many times.

12. For four long months, Securitas was foot dragging in transferring me from Trinity to anther site. While other security officers who were fired and terminated were immediately transferred, Securitas made me languish without pay for more than four months. I had to go on unemployment to sustain myself and my family for basic needs.

13. Defendant Gloria Ran (Ran) HR Manager during this period threatened me with termination through a letter falsely alleging that I could not be reached because Securitas had the my wrong phone numberin their files. This is utterly false and a fabricated lie to fire me.

14. I believe that Securitas deliberately prolonged my agony and made me wait a long time, until my Fire Safety Director License expired on August 21, 2013. Adding insult to injury, Securitas placed me in a new site, United Bank of Switzerland, on Aug. 22, 2013, or 1 day after my FSD FDNY license expired.

3

15. My unemploment records with the Department of Labor will prove that Securitas did not contest my application for unemployment, meaning in the clearest of terms, that my suspension was not due to my fault and I believe that I was the victim of retaliation by defendants who wanted me to quit my job.

16. All my complaints were never investigated by Securitas defendants Dunn, Griffin, and Anello. I believe that they together with Maldonado and Ran, aided and abetted the persons who discriminated and retaliated against me. They themselves have been responsible I believe, for shaving my hours, giving it to other employees, denying me overtime and bypassing me for promotion. By not placing me in an FSD site, I lost my FSD license which greatly hurt my career and advancement opportunities.

17. Until now, I am the victim of retaliation in the UBS site, where once more, Securitas employees retaliated against me in several instances complained of in case no. 15-cv-07157 " Modesto v. Securitas Security Services , et. al." filed on September 9, 2015 in the Southern District of New York.

18. Plaintiff incorporates by reference the affirmation of plaintiff in opposition to defendants motion to dismiss filed with the SDNY on September 23, 2015 and all the attachments annexed therewith as part of this affidavit.

19. Plaintiff submits this affidavit in support of his objections to the Report and Recommendations issued by Hon. Judge Kevin Nathaniel Fox.

Dated: December 2, 2015

*Ramon Modesto*
Ramon Modesto

Woodside, NY 11377

Subscribed and sworn to before me this ____2____ day of December, 2015.

ANDREW CASINO
Notary Public, State of New York
No. 02CA6073875
Qualified in Queens County
Commission Expires April 9, 2018

4



