```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/4/15
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
x------------------------------------------------x

RAMON MODESTO,
                Plaintiff,

-against

HECTOR FIGUEROA, et.al.
                Defendants,
x------------------------------------------------x

15-cv-495 (KNF)(RA)
**OBJECTIONS** TO
REPORT AND RECOMMENDATION
(FQM Defendants)

THE HONORABLE RONNIE ABRAMS, UNITED STATES DISTRICT JUDGE

THE HONORABLE KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

        OBJECTIONS TO THE REPORT AND RECOMMENDATION
                      ( FQM  Defendants)

      Plaintiff files his Objections to the Report and Recommendations of the Hon. Kevin Nathaniel Fox, Magistrate Judge on November 2, 2015. Plaintiff also has attached to this Objection an affidavit containing factual information as per Local Civil Rule 7.1 of the court. Plaintiff incorporates as part of his objection the opposition to motion to dismiss filed by Securitas defendants. Thus, the affidavit and the opposition referred to and this objection timely filed should be taken as true for the purposes of deciding the motion to dismiss filed by FQM defendants. This is in accord with applicable case law as will be discussed herein.

## DISCUSSION

      On a motion to dismiss, a plaintiff need not plead all the facts necessary to establish a prima facie case, but must satisfy the provisions of Fed. R. Civ.Proc.  The court must "accept as true the facts alleged in the complaint and any submissions in

1

opposition to the dismissal motion. " (511 West 232nd Owners Corp. v. Jennifer Realty Co. 98 NY 2d 144,152 [2002]). " The court is required to accept the material facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff. Ashcroft v. Iqbal, 556 U.S. 662, 679 129 S. Ct. 1937, 1949-50 173 L. Ed. 2d 868 (2009)." The court may refer to "documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in (a) plaintiff's possession or of which (b) plaintiff had knowledge and relied on in bringing the suit." ( Brass v. Am. Film Tech., Inc. 987 F. 2d 142, 150 (2d Cir. 1993).

In addition, " a plaintiff may submit affidavits to remedy defects in the complaint and preserve ill- pleaded, but potentially meritorious claims " (Mills v. Gardner 106 AD 3 d 885,886 [2nd Dept 2013 ] quoting Cron v. Hagro Fabrics ,Inc 91 NY 2d 362, 366 [366] [1998]". " A court may freely consider affidavits submitted by the plaintiffs to remedy defects in the complaint ". (Well v. Yeshiva Rambam 300 AD 2d 580 [ 2d Dept. 2002].

Plaintiff had repeatedly raised his concern and complained to Securitas about the harassment, discrimination and retaliation done to him by FQM defendants. This aggravation stretched all the way from plaintiff's post at 200 Hudson loading dock to 350 Hudson. FQM defendants Robert Savage and Tony Waterman all knew what was done to plaintiff but took no action to remedy the injustice done to plaintiff by their employees under them. It also appeared that Trinity defendants Peter St. John and Christian Gonzales may have had a hand in the retaliation committed against plaintiff. The facts taken altogether, it appeared that defendant Securitas employees Dunn, Anello and Griffin were also covering for FQM defendant Dzaferovic. On that incident on April 5, 2014. Securitas, FQM and Trinity defendants allowed or maybe instructed Dzaferovic to lie and make a false report turning the tables on plaintiff on that incident and making plaintiff look like the aggressor even if in truth

2

it was Dzaferovic and that plaintiff was the victim four (4) times. Please see attached CD recording the conversation between plaintiff and non-defendant Securitas FSD Nicolas Steiner posted at 350 Hudson where the incident with Dzaferovic took place. FQM defendants led by Michael Rodriguez and Robert Savage had no clear policy on workplace violence and harassment. They actually aided and abetted the unlawful acts of Harisaran, Kelly and Cummings, and Dzaferovic by allowing retaliation and discrimination in the workplace . That Dzaferovic was allowed to file a false report on the April 5, 2014 incident and worse, that FQM supervisors and superiors took Dzaferovic back to work after he was fired for harassing another person at 350 Hudson is a clear testimonial to their aiding and abetting violations of law. No one from FQM reached out to plaintiff inquired, or even asked a single question regarding that incident. What FQM did was to "cover " the marijuana incident by closing and cementing the window from the basement where FQM employees were believed to have used illegal drugs, and from where the marijuana smoke came from. Perhaps recovering from his failure to investigate my three complaints in October, 2013 against Dzaferovic, Dunn on April 17, 2014, went through the motions of an "investigation" in the presence on defendant Henry Fair, but had no intent to ferret out the truth by his refusal to turn over cctv coverage regarding Dzaferovic' latest racial slur. What made the workplace a hostile work environment, among others was the fact that FQM defendants acted together to make plaintiff lose his Fire Safety Director license FSD (FSD Z 50) by preventing him from taking the FSD test,which promotion will almost double plaintiff's salary as the rest of his co-workers who all have passed the FSD test with the  support of Securitas.

  While there is no claim for individual liability under Title VII, " defendants may be held individually liable under the NYSHRL." Ramirez v. Hempstead Union Free School Dist. Bd. Of Educ. 2014 WL 3547374,* 6 (E.D.N.Y. 2014)  citing Feingold v. New York, 366 F3d 138,157 (2d Cir. 2004) and Tomka v. Seiler Corp. 66 F3d

3

1295,1317 (2d Cir. 1995). According to the Second Circuit if Feingold, a supervisor is an "employer" and liable under the NYSHRL if that supervisor " actually participates in the conduct giving rise to the discrimination." Feingold citing Tomka. In addition a non-supervisor, or a co-worker, may be liable for discrimination even if they lack the authority to hire for or fire plaintiff if that person "aid[s], abet[s],incite[s],compel[s] or coerces[s] the doing of any acts forbidden under this article or attempt to do so. Id., at 158 (citing N.Y. Exec. Law s. 296 (6)). This language has been interpreted to extend liability to any individual defendant who " actually participates in the conduct giving rise to the discrimination claim." Id.

Other courts have found that a failure to investigate can constitute "active participation" to support an "aiding and abetting " claim. (see Feingold). The court denied summary judgment on s. 296 claims where defendants took no action to remedy such behavior of which they were aware ) Gallo v. Wonderly Co., Inc. 2014 WL 36628 * 8(N.D.N.Y. 2014) ( a person May be liable under s. 296 for taking no action to remedy discriminatory behavior ); Lewis v. Triborough Bridge and Tunnel Auhto. 77 F. Supp. 2d 376,384 (S.D.N.Y.1999) ( " the case law establishes beyond cavil that a supervisor's failure to take adequate remedial measures can rise to the level of "actual participation" under HRL s. 296 (6) )accord Cid v. ASA Institute of Business & Computer Technology ,Inc. 2013 WL 1193056 * 6 (E.D.N.Y. 2013 ) Note that defendant Dunn was the Director of Labor Relations for Securitas, and he asked plaintiff to " email him and get back to him (Dunn) if plaintiff had more concerns , so that he "could address them". Dunn was therefore, a supervisor and a person in authority who had completely ignored plaintiff and his legitimate and work-related concerns.

WHEREFORE, plaintiff prays that the Report and Recommendation granting the Securitas defendants motion to dismiss be reversed and set aside and the motion to dismiss filed by FQM defendants be denied.

4

Dated:  December 2, 2015                       /s/ Ramon Modesto
       Woodside, NY 11377                    Ramon Modesto

                                                   4029  67 St., 2F

                                                   Woodside, NY 11377

                                                   Cel. 718-431-5226

## A F F I D A V I T

I, Ramon Modesto, declare under penalty of perjury alleges that :

1. I am a licensed security guard formerly assigned at the Securitas site at Trinity Real Estate (Trinity) a portfolio of thirteen buildings located in Manhattan with its main office at 75 Varick St.,. I started work thereat in June, 2013.

2. Sometime in July, 2013, I became a regular employee with 40 hours of work per week or more if there was overtime. In the same month, Securitas began to shave my hours. Securitas never advanced a reason for doing so.

3. I complained to my superiors about this-first to non-defendants Debbie Fernandez and Supervisor Alfred Soto. I also complained to our union 32 BJ through defendants Henry Fair ("Fair"), Union Steward and defendant Israel Melendez ("Melendez"), Union delegate in charge of Security guards. All to no avail and I never got my hours back.

4. My hours were given to defendant Brenda Johnson. My hours were greatly reduced from 40 down to 36 then 32 and at some point to 29 hours per week. My regular post was given to other younger male and female guards either

1

black or Hispanic. I was denied overtime and promotion. In a certain post open for candidates at 75 Varick St., Securitas bypassed me and chose a security officer named Mr. Shakill who had inferior qualifications than I. To my knowledge, I am the only Asian and Filipino working at that site.

5. I was forced to find a 2nd job because of my badly decimated hours of work.

6. Sometime in October11, 2013, defendant Brenda Johnson cursed and uttered profanities against me at 200 Hudson loading dock. I complained to defendants Frank Anello ("Anello") and William Dunn ("Dunn") about this. I also complain to the Securitas Hotline. (Pls. see hotline reports filed with Securitas). But no investigation was ever made on my complaints and my complaints were ignored.

7. The day before on October 10, 2013, defendants Deetendra Harisaran, ("Harisaran") Mark Kelly ("Kelly") and Keith Cummings(" Cummings") cut my locker. Pls. see attached pictures. These defendants spread my books and other personal belongings on the locker floor and bench. Defendant Anello later admitted to me that defendant Christian Gonzales ("Gonzales") authorized the cutting of my locker per Gonzales' email to Anello on October 10, 2013.

2

8. I complain to Anello, Tony Waterman ("Waterman") of FQM but I never got my locker back at 200 Hudson. No action was taken against the FQM employees who unjustly harassed me and cut my locker.

9. The loss of that locker hurt me professionally and career-wise. My preparation and review for my FSD test was derailed and set back. I was driven away from 200 Hudson.  I was set up for more harassment discrimination and retaliation at 350 Hudson where I hoped to continue my FSD review.

10. Defendant Jusuf Dzaferovic (Dzaferovic) racially slurred me and uttered profanities against me at 350 Hudson. He did this to me four times on October 16, 23, 30, 2013 and April 5, 2014. That day April 5, I suffer chest pains and I had to seek medical attention on my physical and emotional conditions. I also call the hotline for Securitas, report Dzaferovic and ask for a transfer to another workplace.

11. I bring this matter (racial epithets hurled by Dzaferovic) to the attention of Securitas non-defendants FSD Sofia brooks and FSD Carlos of 350 Hudson.

12. On October 30, 2013, I immediately call the attention of FQM defendant Robert Savage, VP for HR, through his assistant  Raymond, a Taiwanese national.

13. Days later, I talk over the phone to Mr. Savage. My friend Mr. Edgar Recto also call Mr. Savage. Mr. Savage never investigates the incidents. I also complain to FQM supervisor Tony Waterman ('Waterman"), who does not investigate the abuses committed by his employee Dzaferovic and ignores my complaint.

14. I bring the racial slurring incidents to Securitas defendants William Dunn, James Griffin, Frank Anello and Eddie Maldonado. No investigation was ever conducted. Pls. see affidavit v. Securitas dated December 2, 2015 attached to the objection to Report and recommendation.

15. Securitas defendant Dunn lied when he was heard to have said he reached out to Savage of FQM and the matter with Dzaferovic was investigated.

16. I believe that I was caught in a mire of office politics when in July, 2013, I entertained the complaint of non-defendants FQM employees Katherine Cepeda and Engr. Melvin Munoz. Melvin Munoz together with non-defendant FQM Engr. Prince Valcarcel sued FQM and Trinity for discrimination and employment issues. FQM fired Valcarcel. Munoz was targeted for termination by FQM and Trinity for suing these two employers. Defendants of Trinity who were also sued by Valcarcel and Munoz in the *Valcarcel* case were Trinity employees Christian Gonzales ("Gonzales") and

4

Peter St. John " ( St. John") BOTH OF WHOM ARE ALSO DEFENDANTS SUED BY THE PLAINTIFF IN THIS CASE. THESE TWO DEFENDANTS HAVE BEEN SERVED WITH A COPY OF THE SUMMONS AND COMPLAINT BELATEDLY ONLY ON OCTOBER 22, 2015 AT THEIR OFFICES AT 75 VARICK ST. This is the same site 200 HUDSON AND 75 VARICK where the factual incidents of *Valcarcel* took place, as in the case of plaintiff in this case. At the time I entertained the complaint of Cepeda and Munoz in July 2013, the Valcarcel case was still pending decision. Valcarcel was decided by the Supreme Court of Queens County, New York in October, 2013.

17. I believe that I suddenly became likewise a target for removal from the site for " sympathizing " with Munoz and company and for supporting statements made by Munoz and Cepeda. Cepeda and Munoz complained about the use and exchange of dangerous drugs and illegal substances in the buildings within the Trinity portfolio. Both of them accused FQM defendant Frank / Tony Waterman ("Waterman") and Trinity , and likewise Securitas, of allowing the proliferation of drug use by FQM employees and turned a blind eye on numerous complaints. Specifically, Munoz and Cepeda identified the drug users and distributors as " Charlie" and " Deon " (non-defendants) of FQM working at 75 Varick St.

5

18. Unaware of what was going on since I was barely 1 month in the Trinity site, It was immediately after I spoke to Melvin Munoz and Katherine Cepeda that I did not know that I was caught in the middle of a case involving acts of harassment, discrimination and retaliation committed by defendants FQM, Trinity management and Trinity employees Peter St. John and Christian Gonzales.

19. This fact of Securitas and FQM employees working together to remove me from the site was admitted by defendant Israel Melendez ("Melendez"). He categorically stated, when Plaintiff asked him if he was targeted by a conspiracy where FQM and Securitas working together to oust certain employees they did not like, Melendez said – " OF COURSE THEY'RE CONSPIRING AGAINST YOU. WE TRAINED THEM, TO GO AND MOVE AGAINST CERTAIN PEOPLE ". Plaintiff was at that time in the office of 32 BJ where Melendez works when plaintiff filed one of his several grievances.

20. From the events which transpired, it is clear that FQM defendants harassed, discriminated and retaliated against plaintiff.

21. Together with Trinity employees and defendants Peter St. John and Christian Gonzales, FQM was also known as harasser of workers trying to

6

make a decent living, as they did in the case of FQM employee Prince Valcarcel.

22. Here in the case of plaintiff, FQM was also prominent in conspiring with Trinity again with Peter St. John and Christian Gonzales in prominent roles, in engaging in unlawful acts designed to retaliate against plaintiff and make him quit his job. FQM has a history and pattern of misconduct and mistreatment of people working in the buildings of client Trinity.

23. Plaintiff incorporates by reference his opposition to motion to dismiss filed with the court on September 23, 2015 and the attachments thereto as part of this affidavit and his objection to the Report and Recommendation signed by Magistrate Judge Kevin Nathaniel Fox.

24. Respectfully submitted to the Honorable Court, seeking a reversal of the aforesaid Report and Recommendation and praying that the motion to dismiss filed by defendant FQM employees be denied.

Ramon Modesto

Dated: December 2, 2015

Woodside, New York

7

Subscribed before me this \_\_\_2\_\_\_ day of December, 2015.

*[signature]*

NOTARY PUBLIC

ANDREW CASINO
Notary Public, State of New York
No. 02CA6073875
Qualified in Queens County
Commission Expires April 9, 2018

8