

DAVID A. WARD
dward@klugerhealey.com

23 Vreeland Road, Suite 220
Florham Park, New Jersey 07932

P: (973) 307-0800
F: (888) 635-1653
www.klugerhealey.com

December 28, 2015

Hon. Kevin M. Fox, USMJ
United States District Court
Southern District of New York
Thurgood Marshall
United States Courthouse, Room 228
40 Foley Square
New York, NY 10007

Re: Modesto v. Figueroa, et al.
Civil Action No: 15–cv-495

Your Honor:

We represent the individual defendants Peter St. John and Christian Gonzales in the above matter. We submit this letter Brief in Reply to Plaintiff's opposition to Defendants motion to dismiss. The Court has numerous pleadings before it by multiple parties all concerning the same issue, namely, whether individuals can be liable for alleged violations of Title VII of the Civil Right Act of 1964 42 U.S.C. §§2000e, et seq., ("Title VII"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634 ("the ADEA"). The Court has previously ruled that they cannot, relying upon well established Second Circuit case law holding that individuals cannot be held personally liable for violations of Title VII and/or the ADEA. Plaintiff does not appear to dispute that holding, but instead argues for liability against defendants Peter St. John and Christian Gonzales under New York City Human Rights Law, N.Y.C. Admin.Code§ 8-101 *et seq.* ("NYCHRL").

As noted in defendants' moving brief, there are no allegations sufficient to present individual liability under NYCHRL, which is limited to individuals who actually participated in the discriminatory or retaliatory conduct of the employer. See *Malena v. Victoria's Secret Direct, LLC*, 886 F. Supp. 2d 349, 365-366 (S.D.N.Y. 2012). Plaintiff acknowledges that both Peter St. John and Christian Gonzales were not employees of Securitas. Moreover, it is impermissible for Plaintiff to attempt to supplement allegations in the Complaint by submission of an affidavit in opposing the motion to dismiss. See *Halebian v. Berv*, 644 F.3d 122, 130 (2d Cir. N.Y. 2011)(matters outside the Complaint may not be considered unless the motion to dismiss is treated as one for summary judgment).

Hon. Kevin M. Fox, USMJ
December 28, 2015
Page 2



Finally, we reiterate that even if the Court declined to dismiss the NYCHRL claims for failure to state a claim, Plaintiff concedes that the federal claims are untenable and the dismissal of the federal claims but the NYCHRL claims against some or all Individual Trinity Defendants for failure to state a claim, the Court should dismiss the NYCHRL claims for lack of jurisdiction because the exercise of supplemental jurisdiction over the remaining NYCHRL claims would serve no purpose.  See *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006)).

Accordingly, we respectfully submit that the Court should grant the motion to dismiss of the individual defendants Peter St. John and Christian Gonzales for the same reasons as the Court's decision to dismiss the claims against all other individual defendants in this matter.

                                          Respectfully,

                                          /s/ David A. Ward
                                          David A. Ward

**cc-Ramon Modesto**