USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 1/25/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RAMON MODESTO,

               Plaintiff,

v.

HECTOR FIGUEROA, *et al.*,

               Defendants.

No. 15-CV-495 (RA)

ORDER ADOPTING REPORT AND
RECOMMENDATION

---

RONNIE ABRAMS, United States District Judge:

Plaintiff brings this action against employees of the union SEIU Local 32BJ ("Local 32BJ" or the "Union"), employees of First Quality Management ("FQM"), and employees of Securitas Security Agency ("Securitas"), alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA"), and New York City Human Rights Law, N.Y. City Admin Code § 8–101 *et seq.* ("NYCHRL"). Five groups of Defendants have moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6): (1) Local 32BJ filed a motion to dismiss on behalf of Defendant "Arbitrators of 32BJ" on May 19, 2015;[1] (2) Defendants Michael Rodriguez, Robert Savage, Anthony Waterman, Deetendrada Harisaran,[2] and Mark Kelly (collectively, the "FQM Defendants") moved to dismiss on June 15, 2015; (3) Defendants Hector Figueroa, "the Chairman and Members of the 32BJ Appeals Board," Dan

---

[1] As Judge Fox noted, there is a conflict between the Notice of Motion to Dismiss and the Memorandum of Law in Support of the Motion to Dismiss Claims against "Arbitrators of 32BJ." The Notice of Motion indicates that "Arbitrators of SEIU 32BJ" move to dismiss the claims, whereas the Memorandum indicates that "Deputy General Counsel of SEIU Local 32BJ is answering the complaint on behalf of 'the Arbitrators of 32BJ.'" *Compare* Dkt. 32 *with* Dkt. 33 at 2 n.1.

[2] Plaintiff's complaint refers to Deetendrada Harisaran as "David Harisaran." Dkt. 2 at 2.

1

Wilson, Johnny Herrera, Israel Melendez, and Jusuf "Joe" Dzaferovic (collectively, the "Local 32BJ Defendants"[3]) moved to dismiss on June 16, 2015; (4) Defendants James Griffin, Frank Anello, Eddie Maldonado, Brenda Johnson, and Gloria Ran (collectively, the "Securitas Defendants") moved to dismiss on June 26, 2015; and (5) Defendants Christian Gonzales and Peter St. John (collectively, the "Trinity Real Estate Defendants") moved to dismiss on October 22, 2015.

The Court referred the motions of the "Arbitrators of 32BJ," the FQM Defendants, the Local 32BJ Defendants, and the Securitas Defendants to Magistrate Judge Fox for reports and recommendations. Now before the Court are Judge Fox's four November 2, 2015 Reports & Recommendations (collectively, the "Reports"), which recommend that the Court grant the Defendants' four motions to dismiss. Dkt. 91 ("Arbitrators of 32BJ R. & R."); Dkt. 92 ("FQM R. & R."); Dkt. 93 ("Local 32BJ R. & R."); Dkt. 94 ("Securitas R. & R."). On December 4, 2015, Plaintiff filed objections to Judge Fox's Reports. Plaintiff appears to object to the Arbitrators of 32BJ Report, the Local 32BJ Report, and the Securitas Report, but not the FQM Report; however, the substance of the objections suggest that Plaintiff objects to the FQM Report as well. The Court will construe Plaintiff's objections as against all four Reports and review them de novo. The Securitas Defendants filed their opposition to Plaintiff's objections on December 21, 2015. The Local 32BJ and FQM Defendants did not respond to Plaintiff's objections.

The Court originally referred the Trinity Real Estate Defendants' motion to dismiss to Judge Fox, but withdrew that reference on January 22, 2016. Because the Trinity Real Estate

---

[3] Local 32BJ asserts that it did not bring a motion to dismiss on behalf of Defendant Henry Fair, the union steward, because he has not been served. Local 32BJ Mem. 2 n.1. As Judge Fox points out, Fair has in fact been served. Local 32BJ R. & R. at 2 n.1. In the interest of efficiency, the Court will consider Fair as one of the Local 32BJ Defendants for the purpose of this motion. See 28 U.S.C. §§ 1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claims on which relief may be granted.").

2

Defendants argue for dismissal on virtually identical grounds to those of the other Defendants, the Court will also address the Trinity Real Estate Defendants' motion to dismiss.

For the reasons set forth below, the Court adopts the recommendation that the "Arbitrators of 32BJ" be dismissed. The Court also adopts Judge Fox's recommendation that the Title VII and ADEA claims be dismissed against the FQM, Securitas, and Local 32BJ Defendants, and grants the Trinity Defendants' motion to dismiss those claims as well. The Court declines to exercise supplemental jurisdiction over the NYCHRL claims asserted against all Defendants.

## STANDARD OF REVIEW

A "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a magistrate judge considers a dispositive motion, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; *see* Fed. R. Civ. P. 72(b)(3). When no timely objection is made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). Clear error review also applies "to the extent that the party makes only conclusory or general objections, or simply reiterates the original arguments." *Kirk v. Burge*, 646 F. Supp. 2d 534, 538 (S.D.N.Y. 2009). A *pro se* complaint "must be construed liberally with special solicitude and interpreted to raise the strongest claims that it suggests. Nonetheless, a *pro se* complaint must state a plausible claim for relief." *Hogan v. Fischer,* 738 F.3d 509, 515 (2d Cir. 2013) (internal quotation marks and citation omitted).

## DISCUSSION

### I. Arbitrators of 32BJ

Judge Fox recommends that the case against the "Arbitrators of 32BJ" be dismissed

because the complaint does not contain any allegations against the Arbitrators and, even if it did, "arbitrators in contractually agreed upon arbitration proceedings are absolutely immune from liability in damages for all acts within the scope of the arbitral process." Arbitrators R. & R. at 3 (quoting *Austern v. Chicago Bd. Options Exch., Inc.*, 898 F.2d 882, 886 (2d Cir. 1990)).

The Court has reviewed the Report de novo, and agrees with its conclusion. As Judge Fox held, arbitrators are immune from liability for any action taken in the arbitral capacity. *Austern*, 898 F.2d at 886; *see also Jacobs v. Mostow*, 271 F. App'x. 85, 88 (2d Cir. 2008). Moreover, Plaintiff does not allege any wrongdoing by the "Arbitrators of 32BJ." The only reference to arbitration is that Wilson and Herrera informed Plaintiff that his grievances were referred to arbitration. Compl. 12. There is no basis to infer based on this passing reference that the Arbitrators discriminated against Plaintiff. The Court therefore adopts Judge Fox's recommendation that the claims against the "Arbitrators of 32BJ" be dismissed.

## II. Title VII and ADEA Claims

Judge Fox also recommends that the Title VII and ADEA claims made against FQM, Local 32BJ, and Securitas Defendants be dismissed because individuals are not subject to liability under Title VII or the ADEA. FQM R. & R. at 3–4 (citing *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000), *McKeever v. New York Med. Coll.*, No. 96-CV-7066, 1999 WL 179376, at *8 (S.D.N.Y. Mar. 31, 1999)); *see also* Securitas R. & R. at 4; Local 32BJ R. & R. at 4. Plaintiff concedes as much in his objections, and the Court agrees. Dkt. 99 at 4; Dkt. 100 at 3; Dkt. 101 at 3. For the same reason, the Court also grants the Trinity Real Estate Defendants' motion to dismiss the Title VII and ADEA claims.

## III. NYCHRL Claims

Judge Fox further recommends that the NYCHRL claims against the FQM and Securitas

Defendants be dismissed, concluding that the complaint failed to plausibly allege a claim of discrimination as to these Defendants. With respect to the Local 32BJ Defendants, Judge Fox recommends that the Court decline to exercise supplemental jurisdiction over the NYCHRL claims as the federal claims have been eliminated at an early stage of the litigation. Local 32BJ R. & R. at 5 (citing *Klein & Co. Futures, Inc. v. Bd. of Trade of the City of N.Y.*, 464 F.3d 255, 262 (2d Cir. 2006)).

Plaintiff objects to the dismissal of his state-law claims on the grounds that he has stated a claim under NYCHRL.[4] Specifically, he argues that NYCHRL and New York Executive Law § 296 provide recourse against individuals who participate in conduct giving rise to the discrimination.[5] *See* Dkt. 99 at 4; Dkt. 100 at 3–4; Dkt. 101 at 3–4; Dkt. 106 at 8. He contends that all of the individual defendants should be liable for aiding and abetting discrimination for failing to investigate his complaints of discrimination and retaliation.

In light of the dismissal of all federal claims at this early stage, the Court declines to exercise supplemental jurisdiction over the state-law claims asserted against the Local 32BJ, FQM, Securitas, and Trinity Real Estate Defendants. *See Klein & Co. Futures, Inc.*, 464 F.3d at 262 ("It is well settled that where . . . the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims."); *Kolari v. New York–Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.") (quoting *Carnegie-Mellon*

---

[4] Plaintiff's objections refer to New York State Human Rights Law; however, the complaint brings a claim under only New York City Human Rights Law. As the two laws are "virtually identical," and individuals can be liable under both, *see Feingold v. New York*, 366 F.3d 138, 158 (2d Cir. 2004), the Court will interpret this as an objection to the Reports' recommendations that the NYCHRL claims be dismissed.

[5] § 296(6) makes it unlawful "for any person to aid, abet, incite, compel, or coerce the doing of an act forbidden by [New York Human Rights Law]." N.Y. Exec Law § 296.

5

*Univ. v. Cohill,* 484 U.S. 343, 350 n.7 (1988)). The balance of judicial economy, convenience, fairness, and comity counsel in favor of dismissal. The Court has not yet invested judicial resources to resolve these non-federal claims, and dismissal would not cause substantial delay as the parties have yet to engage in discovery. *See Henry v. NYC Health & Hosp. Corp.*, 18 F. Supp. 3d 396, 413–14 (S.D.N.Y. 2014) (declining to exercise supplemental jurisdiction over NYCHRL claims when Title VII claims had been dismissed). Dismissal would also avoid "needless decisions of state law." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). Because the Court declines to hear these claims on jurisdictional grounds, it takes no position on the merits of Plaintiff's objections.

## IV. Other Defendants

Plaintiff also names "Kevin of FQM at 200 Hudson St" as a Defendant, but does not make any allegations against him in the complaint. Defendant "Kevin of FQM at 200 Hudson St" is therefore dismissed.

## CONCLUSION

For the foregoing reasons, Defendant "Arbitrators of 32BJ" is dismissed; Plaintiff's Title VII and ADEA claims are dismissed; and the Court declines to exercise supplemental jurisdiction over Plaintiff's NYCHRL claims against all Defendants. The Clerk of Court is respectfully requested to terminate the motions pending at docket numbers 32, 37, 42, and 87, and to close the case.

SO ORDERED.

Dated:   January 25, 2016
         New York, New York

_____
Ronnie Abrams
United States District Judge